IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In the Matter of R.K., by and through her mother and next friend, J.K., and W.S., by and through her mother and next friend, M.S., on behalf of those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:21-cv-00725 |
| GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF TENNESSEE, WILLIAMSON COUNTY BOARD OF EDUCATION, and FRANKLIN SPECIAL SCHOOL DISTRICT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## WILLIAMSON COUNTY BOARD OF EDUCATION'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOW Defendant Williamson County Board of Education (hereinafter referred to as "WCBOE") and submits this Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed on September 17, 2021. (Doc. 4.) WCBOE denies that it has violated the Americans with Disabilities Act or the Rehabilitation Act, denies that it has in any way discriminated against or failed to afford a reasonable accommodation to any student, does not waive any defenses, and expressly reserves the right to raise any and all defenses to the Complaint filed in this action. However, WCBOE takes no position on Plaintiffs' request for a restraining order as to Governor Lee's Executive Order 84, which allows any parent to opt out of a mask

requirement such as the one imposed by WCBOE.[1]

WCBOE policy currently requires masks to be worn by students, staff, and visitors at all grade levels inside all buildings and on buses. *See* "COVID-19 Information for 2021-2022 School Year," Williamson County Schools (updated Aug. 27, 2021), https://www.wcs.edu/domain/1298. On August 10, 2021, the WCBOE met in a special session and adopted a mask requirement for students, staff, and visitors at the elementary grade levels inside all buildings and on buses beginning August 12, 2021 and ending September 21, 2021, unless otherwise extended by the Board. *See* "Temporary Mask Requirement Approved for Elementary Grades," InFocus Williamson County Schools eNewsletter (Aug. 11, 2021), https://www.wcs.edu/Page/8516. On August 26, 2021, the WCBOE expanded the mask requirement to include students, staff, and visitors at the middle and high school grade levels[2] inside all buildings and on buses, effective on August 31, 2021 and ending on September 21, 2021 unless otherwise extended. *See* "Board Approves Temporary Mask Requirement in Middle, High School Buildings," InFocus Williamson County Schools eNewsletter (Aug. 31, 2021), https://www.wcs.edu/Page/8566. The WCBOE will meet again on September 20, 2021 and will vote on whether to extend the mask requirement for

---

[1] WCBOE does not concede that Plaintiffs have met the standard for extraordinary relief and specifically does not concede that Plaintiffs can show a likelihood of success on the merits, particularly as to the claims against WCBOE. There is a serious question as to whether requiring a universal action by all students and teachers in a school is a reasonable accommodation for any individual student, or even group of students, under the Rehabilitation Act or Americans with Disabilities Act. WCBOE simply takes no position as to the request that WCBOE be restrained from abiding by Executive Order 84, which has limited WCBOE's ability to enforce the mask requirements that it has adopted.

[2] The Complaint erroneously states that WCBOE has no current face covering requirement at the middle school and high school levels. (Compl. ¶ 35.) In fact, the requirement is currently in effect for all grade levels of Williamson County Schools. *See* "COVID-19 Information for 2021-2022 School Year," Williamson County Schools (updated Aug. 27, 2021), https://www.wcs.edu/domain/1298.

students, staff, and visitors at all grade levels.

Governor Lee's Executive Order 84 was entered on August 16, 2021, after WCBOE had mandated face coverings in elementary schools. Despite the Executive Order, WCBOE continued the elementary school face covering requirement and expanded its face covering requirement to middle and high school grade levels on August 26. However, WCBOE has honored parental opt-outs pursuant to the Executive Order, because it does not believe that it has the unilateral authority to declare the Executive Order beyond the Governor's authority or to disregard it. If this Court were to restrain or enjoin implementation of Executive Order 84, WCBOE's existing face covering policies would operate to require universal masking with certain particularized exceptions[3], as opposed to an unfettered parental opt-out as provided in the Governor's order.

For the foregoing reasons, WCBOE takes no position on Plaintiffs' request that Executive Order 84 be enjoined. At present, it is unnecessary for the Court to order WCBOE to implement a mask mandate, as it has already done so, but cannot fully enforce the mandate due to the application of Executive Order 84.

---

[3] Williamson County Schools recognizes individualized exceptions to the mask requirement for students and teachers who would be adversely affected by wearing a mask due to a medical condition and for those who proclaim religious beliefs that run contrary to the requirement of wearing a face covering. It is WCBOE's understanding that Plaintiffs are not currently seeking to enjoin the application of these particularized exceptions granted to individual students and teachers due to specific medical or religious issues, but rather, seek to enjoin and/or restrain the unfettered ability of parents to "opt out" for their students as allowed by the Executive Order. The ability to "opt out" of the mask requirement at will results solely from the Governor's Executive Order, which prohibits the WCBOE and any other school district from mandating a mask for any student whose parent has opted out, regardless of the reason.

Respectfully submitted,

*/s/Lisa M. Carson*
Lisa M. Carson, BPR# 14782
**BUERGER, MOSELEY & CARSON, PLC**
*Attorneys for Defendant Williamson County Board of Education*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
lcarson@buergerlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September 2021, a true and correct copy of the foregoing document was electronically filed utilizing the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

**Donati Law Firm, LLP**
Bryce W. Ashby
Brice M. Timmons
Robert A. Donati
Craig A. Edgington
1545 Union Avenue
Memphis, TN 38104
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

**Gilbert McWherter Scott Bobbitt PLC**
Justin L. Gilbert
100 W. Martin Luther King Blvd. Suite 501
Chattanooga, TN 37402
justin@schoolandworklaw.com

**The Salonus Firm PLC**
Jessica F. Salonus
139 Stonebridge Blvd.
Jackson, TN 38301
jsalonus@salonusfirm.com

**Tennessee State Attorney General**
**Herbert Slatery, III**
Reed N. Smith
Acting Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Reed.Smith@ag.tn.gov

**Alexander S. Rieger**
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
Alex.rieger@ag.tn.gov

**Colleen E. Mallea**
Assistant Attorney General
Education and Employment Division
P.O. Box 20207
Nashville, TN 37202
Colleen.mallea@ag.tn.gov

**Lewis Thomason**
Charles W. Cagle
424 Church Street #2500
Nashville, TN 37219
ccagle@lewisthomason.com


*/s/Lisa M. Carson*
Lisa M. Carson