UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN THE MATTER OF J.H.S., BY AND
THROUGH HIS MOTHER AND NEXT FRIEND, J.E.S.;

R.K., BY AND THROUGH HER MOTHER
AND NEXT FRIEND, J.K;

AND W.S., BY AND THROUGH
HER MOTHER AND NEXT FRIEND, M.S.,

ON BEHALF OF THOSE SIMILARLY SITUATED,

    PLAINTIFFS,

V.

UNITED STATES DISTRICT JUDGE
WAVERLY CRENSHAW

CASE NO. 3:21-CV-00725

GOVERNOR BILL LEE, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF TENNESSEE,
WILLIAMSON COUNTY BOARD OF EDUCATION,
AND FRANKLIN SPECIAL SCHOOL DISTRICT,

    DEFENDANTS.

**PLAINTIFFS' UNOPPOSED MOTION & MEMORANDUM TO USE PSEUDONYMS**

**COME THE PLAINTIFFS**, J.H.S., a minor student, through his mother and next friend, J.E.S.; R.K. a minor student, by and through her mother and next friend, J.K.; and W.S., a minor student, by and through her mother and next friend, M.S. They show:

1. The Court has set this matter for a hearing on Plaintiffs' requested temporary restraining order and preliminary injunction at 1:30 p.m. CST on September 20, 2021.

2. Under Federal Rule of Civil Procedure 5.2(a), unless a court orders otherwise, a filing that contains "the name of an individual known to be a minor . . . may include only" the minor's initials. Fed. R. Civ. P. 5.2(a).

3. Upon request, Plaintiffs have privately identified the names of each mother and each student to counsel for Williamson County Board of Education, Franklin Special School District, and Governor Bill Lee in order that they can access relevant information.

4. Generally, the following factors govern proceeding pseudonymously:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

5. Here, first, the challenge is against a governmental activity. Second, prosecution does require "utmost intimacy" disclosure—underlying health and medical information of children with disabilities. Third, there is no intention to violate the law. And fourth, again, the Plaintiffs are children.

6. Identifying the parents by name risks identifying the children. Accordingly, the parents seek pseudonyms too; otherwise, their children would easily be identifiable and the purpose of Rule 5.2(a) would be frustrated. *See e.g.*, *Bd. of Educ. v. United States Dep't of Educ.*, 2016 U.S. Dist. LEXIS 107614, at *14-16 (S.D. Ohio Aug. 15, 2016) (recognizing the need to avoid names of parent and child and use pseudonyms).

7. Courts routinely hold that children are especially entitled to privacy, particularly when they have previously recounted retaliation or harassment or when it is a matter of public interest, as this case most certainly is. That concern extends to identifying the parents of the children. *See Bd. of Educ. v. United States Dep't of Educ.*, 2016 U.S. Dist. LEXIS 107614, at *16 (S.D. Ohio Aug. 15, 2016); *Doe v. Harlan Cty. Sch. Dist.*, 96 F. Supp. 2d 667, 671 (E.D. Ky. 2000) (approving minor child *and her parents* proceeding under pseudonyms because of a "community

2

Case 3:21-cv-00725   Document 17   Filed 09/20/21   Page 2 of 5 PageID #: 147

which [was] highly interested in this issue's resolution."); *accord*, *Zola H. v. Snyder*, No. 12-14073, 2013 U.S. Dist. LEXIS 159982, at *8 (E.D. Mich. Nov. 8, 2013); *T.C. v. Metro. Gov't of Nashville*, No. 3:17-cv-01098, 2020 U.S. Dist. LEXIS 179281, at *3 (M.D. Tenn. Sep. 29, 2020).

8. For all the foregoing reasons, Plaintiffs request this motion be granted and that pseudonyms be observed for parents and children.

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com


**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com

&
**THE SALONUS FIRM, PLC**

/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

*ATTORNEYS FOR PLAINTIFFS*

# CERTIFICATE OF SERVICE

I certify that this Motion and Memorandum to Use Pseudonyms was served upon counsel of record for the Defendants, through the Court's ECF filing system on September 20 2021 at the addresses below:

**BUERGER, MOSELEY & CARSON, PLC**
Lisa M. Carson, BPR# 14782
Courtney King, BPR # 35625
*Attorney for Defendant Williamson County*
*Board of Education*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com
cking@buergerlaw.com
*ATTORNEYS FOR WILLIAMSON COUNTY BOARD OF EDUCATION*

**GOVERNOR BILL LEE**
Reed N. Smith
Colleen Mallea, BPR # 32238
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Telephone: 615-741-2472
Colleen.mallea@ag.tn.gov.
Reed.smith@ag.tn.gov
*ATTORNEYS FOR GOVERNOR BILL LEE, IN HIS OFFICIAL CAPACITY*

**LEWIS THOMASON, P.C.**
Charles W. Cagle, Esq. (BPR #13738)
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1365
*ATTORNEY FOR FRANKLIN SPECIAL SCHOOL DISTRICT*

/s Jessica F. Salonus

# CERTIFICATE OF CONSULTATION

I certify that I consulted with counsel for all Defendants listed above via email on September 20, 2021 and there is no objection to Plaintiffs' Motion and Memorandum to Use Pseudonyms.

/s Jessica F. Salonus