# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **R.K. et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:21-cv-00725 |
| **GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, et al.,** | ) |
| Defendants. | ) |

## ORDER

At the September 20, 2021 status conference, the Court set an evidentiary hearing on the Plaintiffs' motion for a preliminary hearing on October 5, 2021. (Doc. No. 29, 14:1–6). On the record, the Governor's counsel then reminded the Court that Executive Order No. 84 is set to expire on that date. (Id., 21:24–22:10; 22:21–23:4). The parties, through counsel, engaged in discussion that a preliminary injunction hearing may not be necessary if the Governor decided not to extend Executive Order No. 84. The parties then agreed that "all counsel of record should meet and discuss if there is a high likelihood" that Governor Lee would extend the order. (Id., 22:13–19; 23:2–4). The Governor's counsel further "voluntarily" offered to provide notice of the Governor's intent to renew Executive Order No. 84 by October 1, 2021. (Id.). The Court memorialized the parties' agreement in its Order following the status conference. (See Doc. No. 18 at 2) (noting that the Governor should "file notice of his decision on whether to extend Executive Order [No.] 84" no later than October 1, 2021); (see also Doc. No. 29, 23:24–24:4; 31:20–22).

Now pending before the Court is a request by the Governor's counsel to be excused from providing the very information he volunteered to provide. (Doc. No. 32; see also Doc. No. 29, 23:2–4). The Governor's multiple counsel did not object to providing such notice in open court and even noted repeatedly that they would endeavor to meet the October 1, 2021 deadline. (Doc. No. 29, 23:16–18; 23:3–4; 32:10).

As officers of the Court, Governor Lee's multiple counsel of record have the apparent, if not actual, authority to bind their clients. See Capital Dredge & Dock Corp. v. City of Detroit, 800 F.2d 525, 530–31 (6th Cir. 1986). And the Court reminded the Governor's counsel of their ability to so bind the Governor at the September 20 status conference. (Doc. No. 29, 23:14–15). Because Governor Lee has held out his counsel of record as representing him in this matter, he has "cloaked" them with "apparent authority" to speak on his behalf. Noga v. Parts Assocs., No. 98-3789, 2000 U.S. App. LEXIS 1937, at *13 (6th Cir. Feb. 8, 2000); see also Brown v. Amsouth Bank, No. 11-cv-3022-TMP, 2014 WL 12657649, at *4 (W.D. Tenn. Mar. 31, 2014) ("Attorneys can consent on behalf of their clients as long as they had apparent authority to do so.") (internal citations and quotations omitted); Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04 Civ. 9651 (KMW) (KNF), 2011 WL 70593, at *2 (S.D.N.Y. Jan. 10, 2011) ("An attorney's consent on behalf of his or her client binds the client [to] the general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority. . .") (internal citations and quotations omitted). Indeed, the Court reminded the Governor's counsel of this apparent authority. (Doc. No. 29, 23:14–15).

Nonetheless, the Court **GRANTS** Governor Lee's Motion to Vacate. (Doc. No. 32). The Court **VACATES** only the portion of its scheduling order that requires Governor Lee to file whether he intends to extend Executive Order No. 84 by October 1, 2021. (Doc. No. 18 at 2).

As an additional housekeeping matter, the Court reminds the Governor's counsel of the proper format for filing notices with the Court. The Court received two letters, (Doc. Nos. 20, 28), that fail to comply with the Local Rules. See L.R. 7.01. Subsequent notice filings should comport with the Federal Rules of Civil Procedure and Local rules of this Court. See Fed. R. Civ. P. 7; see also L.R. 7.01.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE