UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In the Matter of R.K., by and through her mother and next
friend, J.K;

and W.S., by and through her mother and
next friend, M.S.,

on behalf of those similarly situated,

    Plaintiffs,

v.                                                                            Case No. 3:21-cv-00725

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
WILLIAMSON COUNTY BOARD OF EDUCATION,
and FRANKLIN SPECIAL SCHOOL DISTRICT,

    Defendants.

**REPLY TO DEFENDANT FSSD'S AND WILLIAMSON COUNTY BOARD OF
EDUCATION'S RESPONSES TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

**COME THE PLAINTIFFS,** R.K., by and through her mother and next friend J.K., and W.S., by and through her mother and next friend, M.S., on behalf of those similarly situated and pursuant to Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (ADA), and file this Reply to Defendant FSSD's and Williamson County Board of Education's (WCBE) Responses to Plaintiffs' Motion for Preliminary Injunction.

# I. ARGUMENT

Plaintiffs file this single Reply to Defendants FSSD's and WCBE's Responses because their arguments are largely identical.

### A. Irreparable Harm and Defendants FSSD/WCBE's Claim that its Policies Already Provide the Relief Sought by Plaintiffs

Defendants FSSD and WCBE argue: (1) Plaintiffs cannot show a substantial likelihood of success and irreparable harm against FSSD and WCBE because they have already enacted mandatory masking policies (with the Governor's opt-out option) that are valid until January 2022; and (2) if the Court enjoins the Governor, no action need be taken against the school districts because those mandatory masking policies are already in place.

The obvious flaw in Defendants' arguments is the elevation of the Governor's Executive Order above the ADA and Section 504. The Defendants have gotten it backwards. The Defendants' obligations under the ADA and Section 504 are not subservient to the Governor's Executive Order. The Governor's Executive Order is subservient to the ADA and Section 504.

The Defendants' failure to implement a mandatory masking policy *without the Governor's nullifying opt-out requirement* is a failure to provide a reasonable accommodation. In other words, Defendants have chosen to violate, and will continue violating, the ADA and Section 504 for as long as the Governor's Executive Order remains in place.

As this Court noted in its Order Granting Plaintiffs' Motion for Temporary Restraining Order, "[t]he U.S. Constitution enshrines the principle that federal law is 'the supreme Law of the Land.' U.S. Const. art. VI, cl. 2. Therefore, a state law that interferes with federal law is invalid." *R. K. v. Lee*, 2021 U.S. Dist. LEXIS 183222, at *13 (M.D. Tenn. Sept. 24, 2021). "'Under the Supremacy Clause, federal law may supersede state law' when 'state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.*

Here, it is not sufficient for Defendants FSSD and WCBE merely to point to the Governor and claim his Executive Order leaves them helpless victims to comply with federal law. They have an independent obligation to comply with the ADA and Section 504. Indeed, the Shelby County Board of Education and the Metro Nashville Board of Education have refused to follow Governor Lee's Executive Order No. 84 because they consider universal masking policies during the pandemic to be a key mitigation strategy to educate their children and to keep them safe.[1]

FSSD and WCBE had an obligation to comply with the ADA and Section 504—granting the reasonable accommodation of universal masking *without an opt-out provision*— regardless of the Governor's Executive Order. Both were given the opportunity by the Court to consider abiding by the ADA and Section 504 in their board meetings. Both Defendants chose to allow the Governor's Order to *remain in place,* with WCBOE's superintendent *repeatedly* referring to the the plan as a "Swiss-cheese model." https://www.youtube.com/watch?v=t3mB3jcxTws (last visited October 1, 2021).

### B. Plaintiffs can show that the Public Interest is Served by a Preliminary Injunction against Defendants FSSD and WCBE.

The Court should find that a preliminary injunction against Defendants FSSD and WCBE is in the public interest. When the government opposes the issuance of a temporary restraining order, the final two factors—the balance of the equities and the public interest—merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). The public has an interest in protecting public health. *See Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 594 (6th Cir. 2003) (recognizing public health and safety as legitimate government interests). The public interest is also "served by the enforcement of the ADA." *Wilborn ex rel. Wilborn v. Martin*, 965 F. Supp. 2d 834, 848 (M.D. Tenn. 2013). The public interest thus requires that an injunction be granted in

---

[1] https://mnps.org/news/district-news/statement_on_mask_executive_order

order to effectuate the ADA's broad "remedial purposes." *Hostettler v. College of Wooster*, 895 F.3d 844, 853 (6th Cir. 2018).

Defendants FSSD and WCBE do not dispute that a universal mask mandate policy is in the public interest because it provides protection for Plaintiffs and those like them who are medically vulnerable to COVID-19. Instead, FSSD argues that an injunction against it would result in a slippery slope where a reasonable accommodation for universal masking might be required for other diseases like the annual flu season. But such an argument is without merit. We sit today in the second year of a pandemic that has swept across the world and has resulted in nearly more than 43,000,000 infections and nearly 700,000 deaths in the United States alone.[2] In Tennessee, we have had nearly 1.2 million infections and 15,000 deaths.[3] World-wide, we have seen more than 233 million cases and almost 4.8 million deaths.[4]

In contrast, in the 2019-2020 season, the United States saw 22,000 deaths associated with the flu.[5] COVID-19 appears to be more contagious than the flu and spreads more quickly.[6] Severe illness is more frequent with COVID-19.[7] Simply put, this is *not* the flu season.

These differences are significant because they demonstrate that this reasonable accommodation sought for the protection of medically vulnerable students trying to live and access school during the COVID-19 pandemic is unique and not likely to form the basis for such accommodations for dealing with the common cold or flu. To suggest otherwise loses sight of the times we live in.

---

[2] https://www.nytimes.com/interactive/2021/us/covid-cases.html
[3] https://www.nytimes.com/interactive/2021/us/tennessee-covid-cases.html
[4] https://www.nytimes.com/interactive/2021/world/covid-cases.html
[5] https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-vs-flu/art-20490339
[6] Id.
[7] Id.

Defendants FSSD and WCBE next argue that an injunction against the schools is not in the public interest because the decision of what type of reasonable accommodation to be granted should be left to the individual districts and not to the Court. The ADA and Section 504, however, explicitly allow Plaintiffs to challenge the adequacy of the reasonable accommodation offered in Court as the Plaintiffs have done here. In this case, FSSD and WCBE have refused to implement a mandatory universal masking policy without an opt-out option. By doing so, they have refused to take a step that substantially mitigates the risk that Plaintiffs and those similarly situated, as medically vulnerable children, face due to the COVID-19 pandemic. Thus, Plaintiffs ask the Court to find that the injunction sought, ensuring Defendants FSSD and WCBE comply with the ADA and Section 504 and provide the reasonable accommodation of universal masking to ensure protection of medically vulnerable children, is in the public interest.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion.

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

GILBERT LAW, PLC

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com

&

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on Counsel for Defendants via the Court's ECF system on this the 1st day of October, 2021.

/s/Bryce W. Ashby