UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In the Matter of R.K., by and through her mother and next
friend, J.K;

and W.S., by and through her mother and
next friend, M.S.,

on behalf of those similarly situated,

    Plaintiffs,

v.                                                                                                 Case No. 3:21-cv-00725

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
WILLIAMSON COUNTY BOARD OF EDUCATION,
and FRANKLIN SPECIAL SCHOOL DISTRICT,

    Defendants.

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE TESTIMONY ABOUT PURELY LEGAL ISSUES FOR THE COURT**

**COME THE PLAINTIFFS,** R.K., et. al. and file this Motion in Limine to Preclude Testimony on Purely Legal Issues for the Court. They show:

                                    **I.**      **INTRODUCTION**

Three times now, Governor Lee has tried to resist a temporary restraining order and preliminary injunction on purely legal grounds: that "special education" and relief for a "free appropriate public education" is available under Individuals with Disabilities Education Act (IDEA). In both the Western District and Eastern District, the Governor has brought witnesses from the Tennessee Department of Education (TDOE) to testify about how the IDEA operates and

to advise the Court about the meaning of "special education," "free appropriate public education," and "least restrictive environment."[1]

The Courts, including this one, have rejected the IDEA exhaustion argument, in part, because lack of masks is a barrier to safe access to the school itself. (See Doc. 30, Order Granting TRO, p. 15) (citing *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 756, 197 L. Ed. 2d 46 (2017)("'After all, if the child cannot get inside the school,' for whatever the reason, then "he cannot receive instruction there" and "he may not achieve the sense of independence conducive to academic (or later to real-world) success."); accord, *G.S. v. Lee*, 2021 U.S. Dist. LEXIS 168479, *5-6 (W.D. Tenn. Sep. 3, 2021); *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *19 (E.D. Tenn. Sep. 24, 2021); *Arc of Iowa v. Reynolds*, 2021 U.S. Dist. LEXIS 172685, *37-38 (S.D. Iowa Sept. 13, 2021).

The Governor has listed the same witnesses, Ms. Nicholls and Ms. Suppe, to testify again in this case about meaning of various legal terms under the IDEA. In the past two cases, these witnesses consumed valuable time testifying about purely legal issues. For example, the transcript in the Memphis case shows Ms. Nicholls testifying about: "what is an IEP?," "what is IDEA, Ms. Nicholls?," what are "related issues such as the ADA or 504 of the Rehabilitation Act?," "what aspects of the child's school life are covered by the IEPs under the IDEA?," "Can you tell the Court what is meant by the term 'FAPE'?," " Can you break down, I guess, the each of the words in that acronym and reflect for us what the significant is of each of them?," "is there more than one federal statutory scheme that intersects or overlays in this general area?," "Is the term FAPE applicable also outside of the area of the IDEA?," "reflect for us a moment about the Rehabilitation Act, specifically Section 504, how does that come into play?," and "Would you explain to the

---

[1] In the Western District, Assistant Commissioner Theresa Nicholls testified. In the Eastern District, Ms. Nicholls was joined by Rachel Suppe, a lawyer for TDOE.

Court what an LRE is, Ms. Nicholls?," "does the IDEA … involve other issues?," and "What protections, apart from IDEA, does Section 504 of the Rehabilitation Act provide to students with disabilities?"

For the reasons that follow, all of this legal testimony is entirely misplaced because the application and reach of the laws is a matter for the Court.

## II. LEGAL OPINIONS ABOUT THE REACH AND APPLICATION OF LAWS ARE NOT APPROPRIATE TESTIMONY

Often seen in jury trials, motions *in limine* may be made to prevent testimony about the operation of laws. The application of laws is decided *by the judge*. "It is the function of the trial judge to determine the law of the case. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).

Even offering a witness as an expert does not circumvent the prohibition against legal testimony.[2] "[T]he expert opinion that Plaintiff-Appellant relies upon merely expressed a legal conclusion; accordingly, the district court properly ignored it. Indeed, this Circuit has held under Federal Rule of Evidence 704(a) that such testimony by an expert is improper." *DeMerrell v. City of Cheboygan*, 206 F. App'x 418, 426 (6th Cir. 2006).

Certainly, testimony about what law preempts another law is not appropriate. "Dr. Lipsey's legal conclusions regarding what claims are preempted by FIFRA and opinions about the efficacy of Pryfon-6 do not constitute such facts as would be admissible in evidence as required by Rule 56.05." *Wadlington v. Miles Inc.*, 922 S.W.2d 520, 526 (Tenn. Ct. App. 1995).

Finally, under the IDEA itself, legal analysis must be avoided:

"While courts sometimes accept expert evaluations of a student in IDEA actions, these evaluations should not present legal analysis." *Lebron v. N. Penn Sch.*

---

2   Neither Ms. Nichols nor Ms. Suppe was offered as an expert witness previously.

*Dist.,* 769 F. Supp. 2d 788, 794-795 (E.D. Pa. 2011) (*citing Moorestown Twp. Bd. of Educ. v. S.D.,* No. 10-0312, 2010 U.S. Dist. LEXIS 109856, at *12-13 (D.N.J. Oct. 15, 2010) (rejecting expert evidence in IDEA action insofar as the testimony constituted legal analysis)). Mr. Klein's self-described purpose for his report is to reach a legal conclusion and he did just that. His findings that Ms. Zhou is acting outside the confines of the IDEA, that she cannot obtain relief, and that she has acted for an improper purpose under the provisions of the IDEA are all impermissible legal conclusions.

*Bethlehem Area Sch. Dist. v. Zhou*, 2011 U.S. Dist. LEXIS 111215, at *4-5 (E.D. Pa. Sep. 27, 2011).

For the foregoing reasons, the Court should grant Plaintiffs' Motion and preclude the testimony of Ms. Nicholls and Ms. Suppe which are designed to address exhaustion issues, not medical issues or masking.

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com


**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233

4

justin@schoolandworklaw.com

&

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on Counsel for Defendants via the Court's ECF system on this the 4th day of October, 2021.

/s/Justin S. Gilbert
