# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

In the Matter of R.K., by and through her mother and next
friend, J.K;

and W.S., by and through her mother and
next friend, M.S.,

on behalf of those similarly situated,

      Plaintiffs,

v.                                      Case No. 3:21-cv-00725

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
WILLIAMSON COUNTY BOARD OF EDUCATION,
and FRANKLIN SPECIAL SCHOOL DISTRICT,

      Defendants.

---

## PLAINTIFFS' MOTION & MEMORANDUM IN LIMINE TO PRECLUDE TESTIMONY OF DR. JAY BHATTACHARYA

---

**COME THE PLAINTIFFS,** R.K., et. al. and file this Motion & Memorandum in Limine to Preclude Testimony on Legal Issues for the Court. They show:

## I.      INTRODUCTION

Three times now, Governor Lee has tried to resist a temporary restraining order and preliminary injunction. The Courts, including this one, have rejected the Governor's argument, in part, because lack of masks is a barrier to safe access to the school itself. (See D.E. 30, Order Granting TRO, p. 15) (citing *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 756 (2017) ("'After all, if the child cannot get inside the school,' for whatever the reason, then 'he cannot receive instruction there' and 'he may not achieve the sense of independence conducive to academic (or

later to real-world) success.'"); *accord G.S. v. Lee*, 2021 U.S. Dist. LEXIS 168479, *5-6 (W.D. Tenn. Sep. 3, 2021); *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *19 (E.D. Tenn. Sep. 24, 2021); *Arc of Iowa v. Reynolds*, 2021 U.S. Dist. LEXIS 172685, *37-38 (S.D. Iowa Sept. 13, 2021).

Having unsuccessfully argued three times that he has the legal authority to make any policy decisions he chooses regarding school masking requirements, the Governor has, for the first time, decided to change tactics and attempt to argue through "expert" testimony that school mask policies are ineffective and harmful. The Governor's proffered "expert," Dr. Bhattacharya, however, is in no way qualified to give this opinion.

## II.  DR. BHATTACHARYA OFFERS OPINIONS BEYOND EVEN HIS OWN CLAIMED SCOPE OF EXPERTISE

Dr. Bhattacharya has submitted a thirty-four (34) page declaration so wide-ranging as to offer his opinion on virtually every aspect of COVID-19 health policy. Dr. Bhattacharya summarized his own opinion as:

> [T]he medical and epidemiological literature has documented conclusively that children face a vanishingly small risk of mortality from COVID-19 infection relative to other risks that children routinely face. Furthermore, the evidence also indicates that - even without masks – children are less efficient at spreading the disease to adults than adults are at spreading the infection to children or each other. There is no high-quality evidence that requiring children to wear masks has any appreciable effect on the likelihood that teachers or other school staff will acquire COVID-19 disease. On the contrary, empirical evidence from Sweden and elsewhere where masks were not required shows that schools are low-risk environments of disease spread. Finally, there is considerable evidence that requiring children to wear masks all day at school correlates with harms to their learning and development and with both physical and psychological harm.

(ECF 42, page ID 808, Decl. Jay Bhattacharya.)

Dr. Bhattacharya's allegedly-expert opinion is out-of-step with that of the American Academy of Pediatrics, which is not surprising because he lacks much of the specialized education and training to offer such a far-reaching opinion. For example, though he offers his opinion about the "considerable evidence" that mask use "correlates with harms," he admits to lacking the necessary expertise to offer such an opinion.

> **Q.    Would you agree with me that you are not an expert in developmental pediatrics?**
>
> A.    Yes.
>
> **Q.    Would you agree with me you're not an expert in developmental psychology?**
>
> A.    Yes.
>
> **Q.    And would you agree with me that you're not an expert in pediatrics generally?**
>
> A.    Yes.  I have published a variety of pediatric topics.  And I read the literature on pediatric effects of COVID pretty carefully.  Pediatric COVID related topics, I've done a lot of reading.
>
> **Q.    Have you done any independent research?**
>
> A.    I mean, I think the studies that I published include some children.

(Dep. Jay Bhattacharya, pp. 73:18-74:15, Sept. 30, 2021.)

In fact, Dr. Bhattacharya cannot truly claim to be an expert in any specific field of medicine given the fact that he has *never* done a residency or obtained board certification in any medical field. (Id. at p 13:8-14.) Rather, he is a researcher focused on "economics, but also the broader side of issues of health care, including epidemiology, policy, and a whole host of other issues related to health." (Id. at p. 11:11-15.) His consulting work is on "vaccine safety and sales surveillance for the FDA, advising Medicare on how to measure the quality of physician care," and "a few other projects like that related to health policy." (Id. p. 18:11-16.)

Further, Dr. Bhattacharya has no expertise whatsoever as it relates to children with disabilities, like the Plaintiffs and putative class members in this suit. Additionally, while he claims to have "done a lot of reading" about pediatric COVID-19, that is hardly sufficient for him to be qualified as an expert. And despite offering very stern opinions about the alleged harms of masking children, he admits to having *no* expertise in developmental psychology or developmental pediatrics. Therefore, his overall opinion should be excluded from evidence. His more limited opinion on the efficacy of masking generally, *if* deemed admissible at all, should be accorded the weight that is warranted for an opinion on pediatric health measures that is contrary to the official position of the American Academy of Pediatrics and the Centers for Disease Control and Prevention.

For the foregoing reasons, the Court should grant Plaintiffs' Motion and preclude the testimony of Dr. Bhattacharya as to any issues for which he is not expressly qualified as an expert by the Court.

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

**GILBERT LAW, PLC**

/s Justin S. Gilbert_____
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com

&

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus_____
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I certify that this Motion in Limine on Legal Issues was served upon counsel of record for the Defendants, through the Court's ECF filing system on October 4, 2021, at the addresses below:

**BUERGER, MOSELEY & CARSON, PLC**
Lisa M. Carson, BPR# 14782
Courtney King, BPR # 35625
*Attorney for Defendant Williamson County*
*Board of Education*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
lcarson@buergerlaw.com
cking@buergerlaw.com
*ATTORNEYS FOR WILLIAMSON COUNTY BOARD OF EDUCATION*

5

**GOVERNOR BILL LEE**
Reed N. Smith
Colleen Mallea, BPR # 32238
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Telephone: 615-741-2472
Colleen.mallea@ag.tn.gov.
Reed.smith@ag.tn.gov
*ATTORNEYS FOR GOVERNOR BILL LEE, IN HIS OFFICIAL CAPACITY*

**LEWIS THOMASON, P.C.**
Charles W. Cagle, Esq. (BPR #13738)
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1365
*ATTORNEY FOR FRANKLIN SPECIAL SCHOOL DISTRICT*

*/s Bryce W. Ashby*

6