UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| R.K., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00725 |
| | ) | Chief Judge Crenshaw |
| GOVERNOR BILL LEE, in his official | ) | Magistrate Judge Frensley |
| capacity as GOVERNOR OF TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF DEFENDANT GOVERNOR BILL LEE
IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE TESTIMONY ABOUT PURELY LEGAL ISSUES (ECF 62)**

Defendant Governor Bill Lee, in his official capacity as Governor of the State of Tennessee ("Governor Lee"), files this response in opposition to Plaintiffs' Motion in Limine to Preclude Testimony About Purely Legal Issues. (ECF 62, PageID 1474.) For the reasons set forth herein, the motion must be denied.

**INTRODUCTION**

Plaintiffs' motion, though nominally aimed at preventing testimony that concerns "purely legal issues," requests that the Court preclude all testimony by Governor Lee's two fact witnesses: Theresa Nicholls and Rachel Suppé. (ECF 62 at 4, PageID 1477 (requesting that the Court "preclude the testimony of Ms. Nicholls and Ms. Suppé").) During the preliminary injunction hearing on October 5, 2021, counsel advised that Governor Lee only intends to call two witnesses, Ms. Suppé and Dr. Jay Bhattacharya, at the October 13, 2021 setting. (*See* ECF 69 at 2, PageID 2121 (noting that "the Governor will present two witnesses" as his proof at the resumption of the

hearing).)  This response accordingly addresses Plaintiffs' motion only to the extent that it seeks to preclude testimony by Ms. Suppé at the preliminary injunction hearing.[1]

## LEGAL STANDARD

"Motions in limine should be granted only where the disputed evidence is clearly inadmissible on all potential grounds and should be deferred until the trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *U.S. v. Afyare*, No. 3:10-CR-00260, 2013 WL 1386610, at *2 (M.D. Tenn. Apr. 4, 2013).  The party moving to exclude evidence in limine bears the burden of demonstrating clear inadmissibility. *Doe #1 ex rel. Lee v. Sevier Cnty., Tenn.*, No. 3:17-CV-41, 2017 WL 1089185, at *2 (E.D. Tenn. Mar. 20, 2017). Unless the moving party can demonstrate that the evidence at issue meets that high standard, a district court will not exclude it. *Id.*

An even greater showing is required in the context of a preliminary injunction hearing. "Generally speaking, district courts within this circuit have not required stringent adherence to rules of evidence when reviewing petitions for injunctive relief and have considered [potentially inadmissible] evidence." *Fid. Brokerage Servs. LLC v. Clemens*, No. 2:13-CV-239, 2013 WL 5936671, at *5 (E.D. Tenn. Nov. 4, 2013); *see also Doe #1*, 2017 WL 1089185, at *2 ("[T]he Federal Rules of Evidence generally do not apply to preliminary injunction hearings.").  The posture of a case at preliminary injunction stage thus "often does not invite the gradual development of honed evidentiary issues to which a motion in limine can apply." *Doe #1 ex rel. Lee v. Sevier Cnty., Tenn.*, No. 3:17-CV-41, 2017 WL 1026491, at *3 (E.D. Tenn. Mar. 15, 2017).

---

[1] Plaintiffs have filed a separate motion that seeks to preclude the expert testimony of Dr. Bhattacharya.  (ECF 66, PageID 1483.)  Governor Lee's response to that separate motion is set forth in a contemporaneous filing.

2

## ANALYSIS

Plaintiffs' motion falls far short of demonstrating "clear inadmissibility" so as to preclude Ms. Suppé's testimony at the preliminary injunction hearing. Plaintiffs' contention is premised on the notion that a witness may not present testimony on controlling questions of law. (*See* ECF 62 at 3, PageID 1476.) But apart from noting that Ms. Suppé is a lawyer, the motion fails to demonstrate that she would present such testimony or that such testimony would be "clearly inadmissible." (*Id.*) Plaintiffs merely recount portions of testimony that Ms. Nicholls has provided in similar cases.[2] (*Id.*)

Moreover, the framework provided by the statutes at issue, and the manner in which it guides actions of the Tennessee Department of Education ("TDOE"), is relevant to the issues in dispute. (*See* Decl. of Rachel Suppé, ECF 41, PageID 587.) Plaintiffs allege that Governor Lee's Executive Order No. 84 ("EO 84")[3] prevents local education agencies ("LEAs") from providing education services in compliance with the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"). (Compl., ECF 1 at 18-21, PageID 18-21.) Governor Lee denies those allegations. Moreover, Plaintiffs have failed to request accommodations through the administrative processes available to them under the Individuals with Disabilities Education Act ("IDEA") where applicable. (*See* Def.'s Opp'n to Pls.' Mot. for Prelim. Inj., ECF 39, PageID 305.) As Assistant General Counsel for Civil Rights and Special Populations for TDOE, Ms. Suppé provides oversight, guidance, and training to assist LEAs in complying with the ADA,

---

[2] The testimony by Ms. Nicholls similarly falls short of the showing required to support a motion in limine. While a witness generally may not express a legal conclusion drawn by applying the law to the facts, mere reference to the law does not render a witness's testimony inadmissible. *U.S. v. Oles*, 994 F.2d 1519, 1523 (10th Cir. 1993).

[3] Governor Lee has informed the Court that the operation of EO 84 was extended by his issuance of EO 89 on October 1, 2021. (*See* ECF 50, PageID 881.)

Section 504, and the IDEA. (Decl. of Rachel Suppé, ECF 41, PageID 587.) Accordingly, Ms. Suppé has relevant knowledge of the numerous precautionary measures that TDOE and the LEAs have developed and implemented to ensure safe access to education during the COVID-19 pandemic as well as the additional accommodations available to students who require them. Those precautionary measures and additional accommodations are clearly relevant in determining whether the marginal effect, if any, of EO 84 amounts to a judicially cognizable injury. It would be unreasonable to require that Ms. Suppé testify as to TDOE's efforts to assist school districts in that manner without reference to the applicable legal framework. As such, Plaintiffs' motion lacks merit and must be denied.

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

*s/ Matthew Dowty*
James R. Newsom - TN Bar No. 6683
Colleen E. Mallea - TN Bar No. 32238
Matthew Dowty - TN Bar No. 32078
Reed Smith - VA Bar No. 77334 (*Admitted PHV*)
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-9593
Jim.Newsom@ag.tn.gov
Colleen Mallea@ag.tn.gov
Matthew.Dowty@ag.tn.gov
Reed.Smith@ag.tn.gov
*Attorneys for Defendant Governor Bill Lee*

# CERTIFICATE OF SERVICE

       I hereby certify that on October 8, 2021, a copy of the foregoing document transcript was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Brice M. Timmons
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
brice@donatilaw.com
*Counsel for Plaintiffs*

Bryce W. Ashby
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
bryce@donatilaw.com
*Counsel for Plaintiffs*

Craig A. Edgington
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
craig@donatilaw.com
*Counsel for Plaintiffs*

Robert A. Donati
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
robert@donatilaw.com
*Counsel for Plaintiffs*

Jessica F. Salonus
The Salonus Firm, PLC
139 Stonebridge Blvd.
Jackson, TN 38305
jsalonus@salonusfirm.com
*Counsel for Plaintiffs*

Justin S. Gilbert
Gilbert Law, PLC
100 W. Martin Luther King Boulevard, Suite 501
Chattanooga, TN 37402
justin@schoolandworklaw.com
*Counsel for Plaintiffs*

Courtney M. King
Buerger, Moseley & Carson, PLC
306 Public Square
Franklin, TN 37064
cking@buergerlaw.com
*Counsel for Defendant Williamson County Board of Education*

Lisa M. Carson
Buerger, Moseley & Carson, PLC
306 Public Square
Franklin, TN 37064
lcarson@buergerlaw.com
*Counsel for Defendant Williamson County Board of Education*

Charles W. Cagle
Lewis, Thomason, King, Krieg & Waldrop, P.C. (Nashville)
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
ccagle@lewisthomason.com
*Counsel for Defendant Franklin Special School District*

---

    */s/ Matthew Dowty*
    Matthew Dowty, TN Bar No. 32078
    Assistant Attorney General