IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In the Matter of R.K., by and through her mother and next friend, J.K., and W.S., by and through her mother and next friend, M.S., on behalf of those similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF TENNESSEE, WILLIAMSON COUNTY BOARD OF EDUCATION, and FRANKLIN SPECIAL SCHOOL DISTRICT,<br><br> Defendants. | Case No. 3:21-cv-00725<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley |

**FRANKLIN SPECIAL SCHOOL DISTIRCT BOARD OF EDUCATION'S POST-HEARING BRIEF REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

  Comes Defendant Franklin Special School District Board of Education (hereinafter, "FSSD") and submits this post-hearing brief related to Plaintiffs' Motion for Preliminary Injunction. (Docs. 4, 4-1.)

  Plaintiff W.S., is a second grader enrolled in FSSD and is a student with disabilities who seeks, through the next friend and mother of the student, M.S., to enjoin the effect of Executive Order No. 84 issued by Governor Bill Lee on the basis that it allegedly violates Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). (Docs. 1, 4-1.) While not conceding that it had violated the ADA or Section 504, FSSD, similar to the

Williamson County Board of Education (hereafter, "WCBOE"), did not take a position in opposition to injunctive relief pending completion of an evidentiary hearing. In fact, FSSD indicated that if the Executive Order were enjoined, the mask policy would be enforced as written with the exception that any voluntary opt-out elective not based in a health or religious exception would be denied. On September 24, 2021 this Court granted temporary relief enjoining Governor Lee from enforcing Executive Order No. 84 in WCBOE and FSSD and ordering the school districts to enforce their mask policies without any exception for any sort of voluntary opt-out not associated with a health or religious reason (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 237.)

An evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction is now complete, and it is the position of FSSD that further injunctive relief against FSSD is neither necessary nor appropriate. The FSSD understands the questions that the Court might consider in its analysis regarding why FSSD might oppose an injunction that, at best, protects the status quo. After all, counsel for FSSD represented to the Court on the first day of hearings that nearly 90% of students in FSSD are already wearing masks (a number that has risen to nearly 94% since the issuance of the TRO allowing only health and religious opt outs). While the practical implications of such an approach may seem appealing in the short term, the potential unintended consequences in the long term could have quite an effect on the ability of local school districts to fashion appropriate policies for the populations they serve. The future implications of a holding that a local school district is required to implement a district-wide rule as an accommodation for an individual student, without the benefit of the typical interactive process required by the ADA and Section 504, are potentially far-reaching, especially if any order for injunctive relief is not extremely narrowly tailored.

In this case, it has been stipulated that the plaintiffs did not avail themselves of any administrative remedy available under federal law to resolve their allegations of wrongdoing relative to the Executive Order. Importantly, this Court has not been asked at any stage of the litigation so far to make a ruling on the validity of any specific policy of FSSD; the plaintiffs having only requested to enjoin the enforcement of Executive Order No. 84 in the school districts in Williamson County and its effect upon school policy. Respectfully, if this Court is disposed to make a ruling in favor of enjoining the effectiveness of Executive Order No. 84 in the school districts in Williamson County, then FSSD requests that this order be narrowly tailored to apply only to Executive Order No. 84 and COVID-19, excluding other more common school maladies that may arise during the school year (e.g., flu, conjunctivitis, and pediculosis) and for which no proof was proffered. In *Greenlaw v. United States*, 554 U.S. 237, 240 (2008) the Supreme Court held that "[C]ourts do not, or should not, sally forth each day looking for wrongs to right. Courts wait for cases to come to them, and when they do, courts normally decide only questions presented by the parties." Moreover, in *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1576 (2020), the Supreme Court opined, "[I]n the federal adversarial system of adjudication, courts follow the principle of party presentation. In both civil and criminal cases, in the first instance and on appeal, courts rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." FSSD respectfully requests this Court to tailor its opinion to the unique situation that COVID-19 has presented and to the facts as they have been presented. In no way should the orders or opinions of this Court regarding this case be used as a springboard for future opportunities or attempts to waive or bypass any administrative process specified and mandated in law or regulation.

Even assuming that Plaintiffs have met their burden of establishing a likelihood of success on the merits on their challenge to Executive Order No. 84, there is not a likelihood of success on the merits *as to the claims against FSSD*, as there is no evidence that operation of the current mask policies of FSSD, absent the overlay of Governor Lee's Executive Order, violates the ADA or Section 504.

The decision as to what constitutes a reasonable accommodation is a fact-specific inquiry that is properly left to local school boards and their administrators. FSSD has adopted a universal mask policy that currently gives opt-out capability only to those parents who certify in writing that there is a health-related issue that prevents the wearing of a mask or that there is a sincerely held religious belief that would be violated by mandating the wearing of a mask. The "voluntary opt-outs" of which Plaintiffs complain derive solely from Executive Order No. 84 and are not presently a part of the mask policy of FSSD. The COVID-19 rates seem to be in decline and, at some point, the "accommodation" that both the FSSD and the Plaintiffs have determined to be reasonable and necessary may no longer be needed. WCBOE and FSSD should have the ability to modify their policies as changing circumstances dictate. A continued preliminary injunction against WCBOE and FSSD would limit the discretion of these elected local bodies who are tasked with making such decisions. Long-term injunctive relief against the school districts is not appropriate in this instance where, given the trends in infection rates, such action may serve to frustrate the ability of policymakers to adapt to changing and/or improving circumstances.

Similar to the position advanced by WCBOE, it is recommended that any injunctive relief that is granted with respect to the school districts should not be extended by the Court beyond the January expiration dates of the current mask policies

4

Case 3:21-cv-00725   Document 80   Filed 10/15/21   Page 4 of 8 PageID #: 2563

voted upon by each school district. Each board of education determined that an extension of their mask policies until next semester (after their respective January board meetings) is appropriate. Any decision to extend such mandates beyond the current expiration date in January 2022 should be left to the discretion of the school board – the body in the best position to make those decisions based upon the then-current state of the COVID-19 pandemic in their communities.

The FSSD has shown itself to be decisive and deliberate in addressing mask mandates, having a district-wide mandate in 2020-2021, and then reauthorizing a mandate in all grades by the end of August 2021. As was the case for the mask policy implemented during the 2020-2021 school year, individuals who could not wear a mask due to a medical condition or objected to wearing a mask based upon a sincerely held religious belief were permitted to obtain an exemption from the mask requirement adopted on August 10, 2021. This position does not conflict with and, in fact, is in accord with the Order issued by this Court regarding the petition for the TRO. On August 16, 2021 Governor Lee signed Executive Order No. 84, creating a voluntarily opt out of any school mask requirement that rendered it impossible for FSSD to fully enforce its duly adopted mask policy. FSSD was bound to follow the Executive Order unless it was rescinded by the Governor, allowed to expire, or rendered invalid by operation of a court order, such as the one entered by this Court on September 24.

On September 20, 2021, the day before the district-wide mask requirement was set to expire, FSSD voted to extend the mask requirement for students, staff, and visitors at all grade levels inside all buildings and on buses through January 11, 2022. (Snowden Aff. ¶ 5, Doc. 27, Ex. 21.) FSSD also voted to retain its existing medical and religious exemptions to the mask requirement. (*Id.*) As of September 20, 2021, the

5

Case 3:21-cv-00725   Document 80   Filed 10/15/21   Page 5 of 8 PageID #: 2564

mask requirement remained subject to the voluntary opt-out "overlay" created by Executive Order No. 84, "while it remains in effect". (*Id.*)

This Court granted temporary relief on September 24, 2021 that enjoined Governor Lee from enforcing Executive Order No. 84 in Williamson County and ordering WCBOE and FSSD to enforce their respective mask policies without exception for the voluntary opt-outs provided in Executive Order No. 84. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 237.) At that point, the Governor's Order no longer remained "in effect" and FSSD gave notice to its employees, parents and students that any voluntary opt-out not related to health or religion would not be honored. FSSD reverted to its original policy of mandated masking, with individualized medical and religious exemptions.

Plaintiffs have not shown that they will suffer irreparable injury if FSSD is not subject to continued injunctive relief. This Court has also noted that the mandatory masking policies of WCBOE and FSSD have been, and likely would continue to be, effective in curbing the spread of COVID-19. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 237.) There was no evidence presented at the preliminary injunction evidentiary hearing that would alter this initial impression drawn by the Court. Allowing these local school districts to enforce the masking policies they have established, with particularized exceptions and consequences that they have developed, is the best method for protecting the children in the school districts.

Given the current state of mask policy of the FSSD, the public interest would not be served by a preliminary injunction requiring FSSD to implement a policy or procedure that it has already placed into effect. As this Court recognized in its September 24, 2021 Order, local school boards, such as WCBOE and FSSD, "are in the

6

Case 3:21-cv-00725   Document 80   Filed 10/15/21   Page 6 of 8 PageID #: 2565

best seat to determine what is best for the children" of their respective school districts. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 236); *see also* Tenn. Code Ann. § 49-2-203(a)(2) (granting local boards of education the broad authority to "[m]anage and control all public schools established or that may be established under its jurisdiction."). This is particularly true with respect to reasonable accommodations or modifications under the ADA or Section 504, the determination of which are "highly fact-specific[.]" *Anderson v. City of Blue Ash,* 798 F.3d 338, 356 (6th Cir. 2015).

For the reasons stated herein, if the Court concludes that continued preliminary injunctive relief as to the two school districts is appropriate at this time for the purpose of clarity and continuity, FSSD asserts that the most appropriate way to fashion that relief would be to follow the lead of the local school boards in question and to enter a narrowly drawn, finely tailored preliminary injunction reflective of the limited subject matter, terms, conditions, and time periods adopted by the local school boards (mandatory masking, with individualized exemptions for religious objections and medical issues, to remain in place through the January Board meeting of the school district – January 11 in the case of FSSD). (Snowden Aff., Doc. 27, Ex. 21.)

Respectfully submitted,

LEWIS THOMASON, P.C.

/s/ Charles W. Cagle
Charles W. Cagle, Esq. (BPR #13738)
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1365
*Attorney for Defendant Franklin Special School District*

# CERTIFICATE OF SERVICE

      I hereby certify that on this the 15th day of October 2021, a copy of the foregoing Franklin Special School District Board of Education's Post-Hearing Brief Regarding Plaintiffs' Motion for Preliminary Injunction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**Donati Law Firm, LLP**
Bryce W. Ashby
Brice M. Timmons
Craig A. Edgington
1545 Union Avenue
Memphis, TN 38104
bryce@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

**Gilbert McWherter Scott Bobbitt PLC**
Justin L. Gilbert
100 W. Martin Luther King Blvd.
Suite 501
Chattanooga, TN 37402
justin@schoolandworklaw.com

**The Salonus Firm PLC**
Jessica F. Salonus
139 Stonebridge Blvd.
Jackson, TN 38301
jsalonus@salonusfirm.com

**Vanderbilt Legal Clinic Vanderbilt Law School**
Gautam S. Hans
131 21st Avenue South
Nashville, TN 37203
Gautam.hans@vanderbilt.edu

**Buerger, Moseley & Carson, PLC**
Courtney M. King
Lisa M. Carson
306 Public Square
Franklin, TN 37064
cking@buergerlaw.com
lcarson@buergerlaw.com

Jeffrey Dubner
Samara Spence
655 15th St. NW, Suite 800
Washington, DC 20005
jdubner@democracyforward.org
sspence@democracyforward.org

**Tennessee State Attorney General Herbert Slatery, III:**

**Reed N. Smith**
Acting Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Reed.Smith@ag.tn.gov

**Alexander S. Rieger**
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
Alex.rieger@ag.tn.gov

**Colleen E. Mallea**
Assistant Attorney General
Education and Employment Division
P.O. Box 20207
Nashville, TN 37202
Colleen.mallea@ag.tn.gov

**James R. Newsom, III**
40 South Main Street, Suite 1014
Memphis, TN 37103
Jim.newsom@ag.tn.gov

**Matthew R. Dowty**
40 South Main Street, Suite 1014
Memphis, TN 37103
Matthew.dowty@ag.tn.gov

                                          /s/ Charles W. Cagle
                                          Charles W. Cagle, Esq. (BPR #13738)