IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In the Matter of R.K., by and through her mother and next friend, J.K., and W.S., by and through her mother and next friend, M.S., on behalf of those similarly situated,<br>　　Plaintiffs,<br><br>v.<br><br>GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF TENNESSEE, WILLIAMSON COUNTY BOARD OF EDUCATION, and FRANKLIN SPECIAL SCHOOL DISTRICT,<br>　　Defendants. | Case No. 3:21-cv-00725<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley |

**WILLIAMSON COUNTY BOARD OF EDUCATION'S POST-HEARING BRIEF REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

　　Comes Defendant Williamson County Board of Education (hereinafter referred to as "WCBOE") and submits this post-hearing brief related to Plaintiffs' Motion for Preliminary Injunction. (Docs. 4, 4-1.)[1]

　　Plaintiff R.K,[2] a seventh grader enrolled in Williamson County Schools and Plaintiff W.S.,

---

[1] WCBOE relies upon, and incorporates by reference, the arguments outlined in its Response in Opposition to Plaintiff's Motion for Preliminary Injunction, filed September 9, 2021. (Doc. 35.) WCBOE will not rehash the criteria for preliminary injunctive relief, nor the responsibilities of various entities for providing "reasonable accommodations", as these issues have been fully briefed and the Court is well familiar with them. This supplemental brief is filed for the purpose of highlighting the specific evidence relevant to the claims against WCBOE, and to address the particular nature of the relief that might be granted by the Court.

[2] WCBOE recognizes the value of in-person learning and shares and endorses the desire of R.K.'s mother to safely keep her physically in school, where her mother indicates she has thrived and been well-served. (Transcript of Proceedings (Oct. 5, 2021), Doc. 77, Testimony of J.K. (hereinafter referred to as "J.K. Testimony, Doc. 77"), pp. 20:25–21:14, 22:8-9.)

a second grader enrolled in Franklin Special School District ("FSSD") are students with disabilities who seek, through their mothers, to enjoin Governor Bill Lee's Executive Order No. 84, and the mask policies adopted by WCBOE and FSSD *as modified by Executive Order No. 84*, on the basis that they allegedly violate Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). (Docs. 1, 4, 4-1.) While not conceding that it had violated the ADA or Section 504, WCBOE did not take a position in opposition to injunctive relief pending completion of an evidentiary hearing. (WCBOE Resp. in Opp. (Sept. 20, 2021), Doc. 15.) In fact, WCBOE indicated that if the Executive Order were enjoined, WCBOE's masking policy could then be enforced as written and as originally intended. (*Id.*) On September 24, 2021, this Court granted temporary relief enjoining Governor Lee from enforcing Executive Order No. 84 in Williamson County and ordering WCBOE and FSSD to enforce their respective mask policies[3] without exception for the voluntary opt-outs provided in Executive Order No. 84. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 237.)

An evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction has now been completed. At this stage of the proceedings, it is WCBOE's position that further injunctive relief against WCBOE is neither necessary nor appropriate. The Court might understandably inquire, "If WCBOE does not seek to implement the voluntary opt-out, then why does WCBOE oppose continued injunctive relief *against the school districts* at this stage of the proceedings?" In other words, "If WCBOE has adopted a mandatory mask policy, subject to only certain exemptions that Plaintiffs have not challenged in this litigation, then why not just agree to an injunction maintaining

---

[3] Notably, this Court did not disturb the terms of the mask policies established by the school districts, but rather, merely removed the voluntary opt-out provisions that were forced upon the school districts by Executive Order No. 84.

that status quo?" While the practical implications of such an approach may seem appealing in the short term, the potential unintended consequences in the long term could have quite an effect on the ability of local school districts to fashion appropriate policies for the populations they serve. The future implications of a holding that a local school district is required to implement a district-wide rule as an accommodation for an individual student, without the benefit of the typical interactive process required by the ADA and Section 504, are potentially far-reaching, especially if any order for injunctive relief is not extremely narrowly tailored.

Even assuming that Plaintiffs have met their burden of establishing a likelihood of success on the merits on their challenge to Executive Order No. 84, there is not a likelihood of success on the merits *as to the claims against WCBOE and FSSD*, as there is no evidence that operation of the current mask policies of WCBOE and FSSD, absent the overlay of Governor Lee's Executive Order, violate the ADA or Section 504. The decision as to what constitutes a reasonable accommodation is a fact-specific inquiry that is properly left to local school boards such as WCBOE. WCBOE has adopted a universal mask policy, and the "voluntary opt-outs" of which Plaintiffs complain derive solely from Executive Order No. 84.

At present, any injunctive relief the Court might grant would likely be entirely consistent with the policy adopted by the WCBOE, resulting in a mask mandate without purely discretionary opt-outs by parents. However, COVID numbers in Tennessee, in Williamson County, and within Williamson County Schools, have been trending downward since this action was filed. (J.K. Testimony, Doc. 77, pp. 66:21-67:19, 68:1-3.) J.K. acknowledged that in the two WCBOE schools that her children attend, less than five students were listed as having tested positive for COVID-19. (J.K. Testimony, Doc. 77, p. 67:14-19.) The Centers for Disease Control and Prevention ("CDC") and other public health guidance is clear that in implementing layered mitigation

3

strategies, localities should consider the level of community spread, vaccination coverage in the community, availability of testing, occurrence of outbreaks, and other factors, all of which are currently trending in a positive direction in Williamson County. Webpage: "Guidance for COVID-19 Prevention in K-12 Schools", Centers for Disease Control and Prevention (updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. Accordingly, at some point, the "accommodation" that both the WCBOE and the Plaintiffs have determined to be reasonable and necessary may no longer be so. WCBOE should have the ability to modify its policies as changing circumstances dictate.[4] A continued preliminary injunction against WCBOE and FSSD would limit the discretion of these elected local bodies who are tasked with making such decisions, often in fast-changing and complicated circumstances, about what may constitute a reasonable accommodation in any given situation; and therefore, long-term injunctive relief against the school districts is not appropriate.

Although WCBOE contends that continued injunctive relief *directed at the school districts* is not appropriate, at the very least, any injunctive relief that is granted with respect to the school districts should not be extended beyond the January expiration dates voted upon by each school district. Each of these deliberative bodies determined that an extension of their mask policies until next semester (after their respective January board meetings) is appropriate. Even if this Court determines that some period of continued injunctive relief as to the school districts is necessary, any decision to extend such mandates beyond the current expiration dates in January 2022 should be left to the discretion of the school districts, which will be in the best position to make those decisions based upon the then-current state of the COVID-19 pandemic in their communities.

---

[4] J.K. noted that the school system would be grappling with COVID-19 for "these next several months," recognizing that eventually circumstances, and thus the needed accommodations, could change. (J.K. Testimony, Doc. 77, p. 67:22-25).

Since the start of the COVID-19 pandemic, WCBOE has adopted various safety measures[5], including mask requirements, in order to slow the spread of COVID-19 while returning children to school in a classroom setting.[6] The WCBOE has shown itself to be thoughtful and deliberative in addressing mask mandates, having a district-wide mandate in 2020-2021, and then reinstituting a mandate at all grade levels by the end of August 2021. (Exhibit & Witness List (Oct. 7, 2021), Doc. 72, Ex. 20 - Affidavit of Jason Golden, Ex. A, B (hereinafter "Golden Aff. ¶ _, Doc. 72, Ex. 20").) As was the case for the mask policy implemented during the 2020-2021 school year, individuals who could not wear a mask due to a medical condition or objected to wearing a mask based upon a sincerely held religious belief[7] were permitted to obtain an exemption from the mask requirements adopted on August 10, 2021 (elementary schools) and August 26, 2021 (middle and

---

[5] Plaintiffs' Reply Brief (Doc. 52, PageID # 892-97) makes light of Superintendent Golden's reference in the September 20 board meeting to a "Swiss cheese model" of mitigation, but in fact the "Swiss cheese model" is a well-recognized way of referring to the layered mitigation strategies that the Plaintiffs themselves urge, the idea being that if the hole in one piece of "cheese" (mitigation strategy A) fails to stop the spread, the next piece of "cheese" in the stack (mitigation strategy B) will provide for an additional shield, and so on, so that multiple imperfect mitigation strategies, when used together, are more effective. (*See, e.g.,* "The Swiss Cheese Model for Combating Covid-19", The Virus Project, https://www.thevirusproject.org/2020/11/the-swiss-cheese-model-for-combating-covid-19/.)

[6] During the 2020-2021 school year, WCBOE required masks to be worn by students, staff, and visitors at all grade levels inside all buildings and on buses. During summer school in 2021, masks were not mandated due to the smaller student population and lower COVID-19 numbers. While it was WCBOE's expectation prior to the beginning of the 2021-2022 school year that it would be possible for masks to be strongly encouraged, but not mandated, rising COVID numbers in Williamson County caused WCBOE to revisit that expectation. (Golden Aff. ¶ 3, Doc. 72, Ex. 20.)

[7] The Preliminary Injunction motion does not challenge the exemptions afforded for medical need and sincerely held religious beliefs. J.K. testified that accommodations for disabled students who could not wear masks were appropriate. (J.K. Testimony, Doc. 77, pp. 28:1-8, 44:12-20.) J.K. expressed some concern about potential abuses of the religious exemption (J.K. Testimony, Doc. 77, p. 44:16-25), but does not challenge the religious exemption in this proceeding. During the pendency of this litigation, the Sixth Circuit Court of Appeals decided a case in which it recognized the validity of religious exemptions in the context of COVID precautions. *Dahl v. Bd. of Trs. of W. Mich. Univ.*, No. 21-2945, 2021 U.S. App. LEXIS 30153 (6th Cir. Oct. 7, 2021).

high schools). (Golden Aff. ¶ 4, Exs. A & B, Doc. 72, Ex. 20.) On August 16, 2021, Governor Lee signed Executive Order No. 84, creating a voluntarily opt out of any school mask requirement that rendered it impossible for WCBOE to fully enforce its duly adopted mask policy. (Golden Aff. ¶¶ 4-5, Doc. 72, Ex. 20.) WCBOE was bound to follow the Executive Order unless it was rescinded by the Governor, allowed to expire, or rendered invalid by virtue of a court order, such as the one entered by this Court on September 24.

On September 20, 2021, the day before the district-wide mask requirement was set to expire, WCBOE voted to extend the mask requirement for students, staff, and visitors at all grade levels inside all buildings and on buses through January 19, 2022. (Golden Aff. ¶ 7, Ex. C, Doc. 72, Ex. 20.) WCBOE also voted to retain its existing medical and religious exemptions to the mask requirement. (*Id*.) As of September 20, 2021, the mask requirement remained subject to the voluntary opt-out "overlay" created by Executive Order No. 84, "while it remains in effect". (*Id*.)[8]

---

[8] In their Reply Brief (Doc. 52, PageID # 892-897), Plaintiffs make much of the fact that the WCBOE and FSSD's September 20 board meetings referenced the then-applicable Executive Order No. 84, suggesting that the school districts had unilateral authority to simply disregard the Governor's order *before* this Court enjoined the Executive Order. As of September 20, 2021, WCBOE had made clear to this Court that it did not oppose injunctive relief directed toward the Executive Order, and that if the Court were to grant such injunctive relief, its policies would revert to their original terms – without any purely discretionary opt-out for parents. (*See* WCBOE's Resp. in Opp., Doc. 15, PageID # 124 ("If this Court were to restrain or enjoin implementation of Executive Order 84, WCBOE's existing face covering policies would operate to require universal masking with certain particularized exceptions, as opposed to an unfettered parental opt-out as provided in the Governor's order.").) The fact that on September 20, before this Court's injunction, the respective school boards recognized an Executive Order that was then in effect, does not suggest that the WCBOE or FSSD *chose* a voluntary opt-out. It simply means that until this Court ruled that such an opt-out violated the ADA and Rehabilitation Act (as it did, at least preliminarily, on September 24, 2021), the school districts were legally bound by the Executive Order. WCBOE agrees, of course, that the ADA and Section 504 preempt any contrary state Executive Order, but WCBOE does not have the discretion to unilaterally *decide* that the Executive Order violates federal law – that is the role of this Court. Once the Court determined that the Executive Order did indeed run afoul of federal law and therefore "must yield", WCBOE immediately began enforcing its policies as originally adopted (*see* J.K. Testimony, Doc. 77, pp. 23:9-14, 67:3-4), and there is no evidence that WCBOE would not have done so even if the Court's preliminary injunctive relief

On September 24, 2021, this Court granted temporary relief enjoining Governor Lee from enforcing Executive Order No. 84 in Williamson County and ordering WCBOE and FSSD to enforce their respective mask policies without exception for the voluntary opt-outs provided in Executive Order No. 84. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 237.) At that point, the Governor's Order no longer remained "in effect", and WCBOE reverted to its original policy of mandated masking, with individualized medical and religious exemptions.

Plaintiffs have not shown that they will suffer irreparable injury if WCBOE is not subject to continued injunctive relief. Plaintiff J.K. testified that WCBOE's masking policies last school year were effective, stating "what we did in the schools last year worked" and that "the case numbers were relatively low with all of those precautions in place." (J.K. Testimony, Doc. 77, pp. 20:25–21:5, 21:11-14, 54:3.) J.K. went on to note that the school was doing a "wonderful job" with R.K.'s education, and when asked if the school was doing a "wonderful job" of keeping her safe, she noted, "I would advocate that the school is limited in what they can do to keep her safe by the governor's order." (J.K. Testimony, Doc. 77, p. 35:11-15.) This Court has also noted that the mandatory masking policies of WCBOE and FSSD have been, and likely would continue to be, effective in curbing the spread of COVID-19. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 237.) There was no evidence presented at the preliminary injunction evidentiary hearing that would alter this initial impression drawn by the Court.

Absent the voluntary opt-outs of Executive Order No. 84, the current WCBOE mask policy

---

had only been directed to the Executive Order itself. Contrary to Plaintiffs' contention that the school districts simply *chose* to include the Governor's Order in their mandates; until this Court entered an order enjoining the Executive Order, both school districts were legally compelled to do so. Immediately upon entry of the September 24, 2021 Order of this Court enjoining Executive Order No. 84, the voluntary opt out was, and currently is, no longer an "overlay" to the mandatory mask policies of the school districts. Only the "for cause" exemptions for religious beliefs and medical issues remain.

is essentially identical to the mask policy adopted last school year. WCBOE has repeatedly affirmed its willingness to modify its policies and operations in response to the COVID-19 pandemic, including through the adoption of mask requirements when the circumstances necessitated such action. WCBOE adopted the mandate as a result of extensive discussion and debate at the local level, and local school officials have taken care to enforce the mandate through a balancing of various interests and concerns. Allowing these local school districts to enforce the masking policies they have established, with particularized exceptions and consequences that they have developed, is the best method for protecting the children in the school districts.

The public interest would not be served by a preliminary injunction requiring WCBOE to implement a universal mask requirement on terms different than, or for a period of time beyond that determined appropriate by the local school board. As this Court recognized in its September 24, 2021 Order, local school boards, such as WCBOE and FSSD, "are in the best seat to determine what is best for the children" of their respective school districts. (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 236); *see also* Tenn. Code Ann. § 49-2-203(a)(2) (granting local boards of education the broad authority to "[m]anage and control all public schools established or that may be established under its jurisdiction."). This is particularly true with respect to reasonable accommodations or modifications under the ADA or Section 504, the determination of which are "highly fact-specific[.]" *Anderson v. City of Blue Ash,* 798 F.3d 338, 356 (6th Cir. 2015).

Any ongoing injunctive relief granted by the Court as to the school districts should be narrowly tailored.  It is one thing to say that the Executive Order unlawfully interferes with the flexibility of local school districts and parents to agree upon reasonable accommodations, but it is quite another to dictate that a universal, long-term mandate be imposed by a local school board, particularly in the face of an issue such as COVID-19, where circumstances are ever-changing. A

mandate, such as the masking policies adopted by WCBOE, may be an appropriate accommodation in some circumstances, including the extraordinary circumstances that COVID-19 has undoubtedly created. Indeed, both school districts have seen fit to implement one. However, that accommodation should be the product of the interactive process at the local level. As this Court has recognized, "the elected board members of the Williamson County and Franklin school systems have voted that temporary universal mask mandates are necessary to protect and safeguard adults and children." (Mem. Op. & Order (Sept. 24, 2021), Doc. 30, PageID # 236.)

For these reasons, WCBOE urges the Court to lift the preliminary injunction against WCBOE. Alternatively, although WCBOE contends that preliminary injunctive relief should not be continued *as to the school districts*, if the Court concludes that continued preliminary injunctive relief as to the two school districts is needed at this time for the purpose of clarity and continuity, the most appropriate way to fashion that relief would be to follow the lead of the local school boards in question, and to enter preliminary injunctive relief reflective of the terms, conditions, and time period adopted by the local school boards (mandatory masking, with individualized exemptions for religious objections and medical issues, to remain in place through the January Board meeting of each local school district – January 19 in the case of WCBOE). (Golden Aff., Ex. C, Doc. 72, Ex. 20.)

Respectfully submitted,

*/s/Lisa M. Carson*
Lisa M. Carson, BPR# 14782
Courtney M. King, BPR# 35625
**BUERGER, MOSELEY & CARSON, PLC**
*Attorneys for Defendant WCBOE*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
lcarson@buergerlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of October 2021, a true and correct copy of the foregoing document was electronically filed utilizing the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

**Donati Law Firm, LLP**
Bryce W. Ashby
Brice M. Timmons
Craig A. Edgington
1545 Union Avenue
Memphis, TN 38104
bryce@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

**Gilbert McWherter Scott Bobbitt PLC**
Justin L. Gilbert
100 W. Martin Luther King Blvd. Suite 501
Chattanooga, TN 37402
justin@schoolandworklaw.com

**The Salonus Firm PLC**
Jessica F. Salonus
139 Stonebridge Blvd.
Jackson, TN 38301
jsalonus@salonusfirm.com

**Lewis Thomason**
Charles W. Cagle
424 Church Street #2500
Nashville, TN 37219
ccagle@lewisthomason.com

**Tennessee State Attorney General Herbert Slatery, III:**

**Reed N. Smith**
Acting Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Reed.Smith@ag.tn.gov

**Alexander S. Rieger**
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
Alex.rieger@ag.tn.gov

**Colleen E. Mallea**
Assistant Attorney General
Education and Employment Division
P.O. Box 20207
Nashville, TN 37202
Colleen.mallea@ag.tn.gov

**James R. Newsom, III**
40 South Main Street, Suite 1014
Memphis, TN 37103
jim.newsom@ag.tn.gov

**Matthew R. Dowty**
40 South Main Street, Suite 1014
Memphis, TN 38103
Matthew.dowty@ag.tn.gov

                                            */s/Lisa M. Carson*
                                            Lisa M. Carson