IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| R.K., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:21-cv-00725 |
| ) | Chief Judge Crenshaw |
| GOVERNOR BILL LEE, in his official ) | Magistrate Judge Frensley |
| capacity as GOVERNOR OF TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT GOVERNOR LEE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs, students with disabilities who attend public schools in Williamson County, Tennessee, sued Governor Lee in his official capacity to enjoin enforcement of Executive Order No. 84 ("EO 84") on the basis that it violated their rights protected under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"). *See generally* ECF 1. EO 84 had permitted parents and guardians to opt their schoolchildren out of mask mandates imposed on students attending public school or public-school functions. But Governor Lee terminated EO 84 over two months ago on November 12, 2021, in light of new legislation, and moreover, the state of emergency that empowered the Governor to issue EO 84 in the first place has expired.

Plaintiffs' claims have therefore become moot; since EO 84 no longer exits, there is nothing left for the Court to enjoin. Because those claims are now moot, Governor Lee has moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the claims against him for lack of subject matter jurisdiction and submits this memorandum of law in support of his motion to dismiss.

## BACKGROUND

Plaintiffs' claims are based solely on their contention that EO 84 violated the ADA and Section 504. *See, e.g.,* ECF 1, PageID 22. They asked the Court to "[d]eclare that Governor Lee's Executive Order No. 84 violates the rights of Plaintiffs and those similarly situated under the [ADA] and Section 504" and sought "preliminary and permanent injunctive relief" enjoining the operation of EO 84 and preventing "parents [from] opt[ing]-out of reasonable modifications required by the ADA and Section 504." (ECF 1, PageID 23.) On October 22, 2021, the Court granted a preliminary injunction preventing Governor Lee "from enforcing Executive Order No. 84 . . . in Williamson County." (ECF 62, PageID 1267.)[1]

Governor Lee appealed the preliminary injunction to the Sixth Circuit Court of Appeals. (ECF 87, PageID 2664.) By order, the Sixth Circuit consolidated Governor Lee's appeal in this matter with appeals from orders of the Western and Eastern Districts of Tennessee enjoining the enforcement of EO 84 in Shelby and Knox Counties. (*See R.K. v. Lee*, No. 21-5999 (6th Cir.), ECF 16-2, Page 1-2.) Prior to the consolidation, Governor Lee had moved for a stay in the Sixth Circuit of the injunction entered by the Western District in a case arising from Shelby County. (*See G.S. v. Lee*, No. 21-5915 (6th Cir.), ECF 12-1, Page 1.) Although the Court of Appeals declined to stay the preliminary injunction, it pointed out that events that had taken place after it had issued "raise[d] questions about whether [that] case is moot," and suggested that those

---

[1] Following the Court's entry of the preliminary injunction order and before the Tennessee General Assembly legislated on the subject, EO 84 was extended in counties not covered by the preliminary injunction by Executive Order No. 89 on September 30, 2021 (Attachment A), and Executive Order No. 91 on November 5, 2021 (Attachment B). EOs 89 and 91 did not differ in substance from EO 84. During their discrete duration, EOs 89 and 91 were operative in counties where EO 84 had not been enjoined.

2

questions should be addressed by the district court in *G.S.* "in the first instance." (*Id.*, ECF 18-2, Pages 5-6.)[2]

The following post-preliminary-injunction events have, indeed, rendered this case moot. While Governor Lee's appeal was pending, Tennessee passed the COVID Act, Tenn. Code Ann. §§ 14-1-101—14-6-104, a new law that provides for mask mandates in some circumstances *without* opt-outs, including mask mandates without opt-outs that are requested as a reasonable accommodation pursuant to the ADA by persons with disabilities.[3] By Executive Order No. 92 ("EO 92"), Governor Lee terminated EO 84, explaining that the COVID Act now "negates the need for" EO 84. (Attachment C.) Moreover, the Governor has allowed the legal underpinning for EO 84—the state of emergency declared by the Governor—to expire as of November 19, 2021. *See, e.g.,* Executive Order No. 83 (Attachment D) and Executive Order No. 90 (Attachment E).

## ARGUMENT

Because post-preliminary-injunction events have rendered the claims against Governor Lee moot, Governor Lee's motion to dismiss those claims for lack of subject matter jurisdiction should be granted. This case no longer presents any actual controversy for the Court to adjudicate because EO 84 is no longer in effect and there can be no reasonable expectation that it is likely to be renewed. Moreover, the necessary prerequisite to renewing EO 84 or issuing a similar EO—

---

[2] The Sixth Circuit granted the parties' joint motion to voluntarily dismiss the Governor's appeal from this Court's preliminary injunction order pursuant to Fed. R. App. P. 42(b) on December 10, 2021. (ECF 94.)

[3] The COVID Act was facially challenged as violative of the ADA and Section 504 in this Court at the time of its enactment. *R.K., et al. v. Lee, et al.*, M.D. Tenn. No. 3:21-cv-00853 (filed November 12, 2021). Plaintiffs herein are also plaintiffs in that action. This Court preliminarily enjoined portions of the COVID Act on December 10, 2021. (ECF 46.) The Governor and TDOE Commissioner Schwinn have appealed that ruling. (6th Cir. No. 22-5004.)

3

a declared state of emergency—no longer exists. And, in any event, the COVID Act negates the need for further executive orders dealing with face-masking in public schools.

## I. The Applicable Standards of Review

Federal courts only have jurisdiction "to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). A party may move to dismiss for lack of subject matter jurisdiction "at any stage" in the litigation. *Arbaugh v. Y&H*, 546 U.S. 500, 506 (2006). If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Governor Lee's motion to dismiss for mootness is brought, properly, as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383-84 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citations omitted). Governor Lee's Rule 12(b)(1) motion presents a *factual* attack; it challenges the existence of factual predicates for subject matter jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994).

A factual attack on subject matter jurisdiction is not a challenge to the sufficiency of the allegations in the complaint; rather it questions the existence of the factual predicates required to maintain subject matter jurisdiction. For that reason, in resolving a factual challenge, "'the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter

jurisdiction.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The "court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright*, 751 F.3d at 759-60 (citing *Ritchie,* 15 F.3d. at 598). And because a *factual* attack is not a challenge to the sufficiency of the allegations in the complaint, but a challenge to the factual existence of subject matter jurisdiction, no presumption of truthfulness is given to the factual allegations in the complaint. *Ritchie*, 15 F.3d at 598.

A federal court has no authority to render a decision on questions that are or have become moot, nor may it declare rules of law that cannot affect the matter at issue. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). A case becomes moot "'when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Already, LLC v. Nike, Inc*., 568 U.S. 85, 91 (2013). "Parties lack a legally cognizable interest in a case's outcome when 'events . . . make it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017) (quoting *Fialka-Feldman v. Oakland Univ. Bd. of Trs*., 639 F.3d 711, 713 (6th Cir. 2011)).

In short, a case is moot if "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (cleaned up).

While the plaintiff—the party invoking the court's jurisdiction—bears the burden of establishing that subject matter jurisdiction exists, *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), normally "the heavy burden of demonstrating mootness rests on the party claiming mootness," *Cleveland Branch, NAACP v. City of Parma,* 263 F.3d 513, 531 (6th Cir. 2001). But here Governor Lee's burden on this point is considerably lighter because with the passage of the COVID Act the government ceased the challenged conduct and the "burden in showing mootness is lower when it is the government that has voluntarily ceased its conduct." *Thomas v. City of Memphis*, 996 F.3d 318, 324 (6th Cir. 2021) (cleaned up). In fact, when "the government voluntarily ceases its actions by *enacting new legislation* or repealing the challenged legislation, *that change will presumptively moot the case* unless there are clear contraindications that the change is not genuine." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 768 (6th Cir. 2019) (emphasis added); *see also Ky. Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997).

## II. Plaintiffs' Claims Against Governor Lee Are Moot.

### A. Plaintiffs no longer have a live case or a legally cognizable interest in the resolution of their claims.

The Constitution limits federal courts "to decid[ing] legal questions only in the context of actual 'Cases' or 'Controversies.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting U.S. Const. Art. III, § 2). The "cases or controversies" limitation is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman*, 639 F.3d at 713 (internal quotation marks omitted). A case or controversy exists only when—and as long as—there is a "genuine dispute[] between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

When "events occur during the case, including during the appeal, that make it 'impossible for the court to grant any effectual relief whatever to a prevailing party,' the [case] must be dismissed as moot." *Fialka-Feldman*, 639 F.3d at 713 (quoting *Church of Scientology of Cal. v United States*, 506 U.S. 9, 12 (1992)). A case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021) (internal quotation marks omitted). If a case becomes moot "at any point during litigation, the action can no longer proceed and must be dismissed." *Genesis Healthcare Corp. v. Symczk*, 569 U.S. 66, 72 (2013); *see also McPherson v. Mich. High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) ("We have no power to adjudicate disputes which are moot." (internal quotation marks omitted)).

Plaintiffs' claims against Governor Lee—all of which are based on EO 84—are moot. Plaintiffs only sought to enjoin the Governor from enforcing EO 84 to the extent it "permitt[ed] parents in the school[s] of Williamson County from opting out of a universal mask mandate policy." (ECF 1, PageID 22.) Such permission no longer exists: because of the new COVID Act, as of November 12, 2021, EO 84 is no longer in effect. (EO 92, Attachment C.)

Also gone is any imminent threat of harm to Plaintiffs, without which Plaintiffs have no standing and without which there is no live case or controversy. The COVID Act "negate[s] the need for" the EO. (*Id.*) And with the expiration of Tennessee's state of emergency (*see* EO 90, Attachment E), Governor Lee cannot reissue EO 84 without declaring an entirely new state of emergency. *See* Tenn. Code Ann. § 58-2-107(a) (authorizing the governor to issue executive orders "[i]n the event of an emergency beyond local control"); *see also Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 11-12 (1st Cir. 2021) (finding that a challenge to an executive order was moot when "the offending order [wa]s gone, along with the COVID-19 state of emergency"); *cf. Roman*

*Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020) (stating that a case was not moot when "applicants remain[ed] under a constant threat" of reclassification of a governor's executive order).

Plaintiffs' claims are moot. Since a court cannot "enjoin the enforcement of a provision that is no longer in effect," *Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 836 (6th Cir. 2004), no court could grant Plaintiffs "any effectual relief whatever" regarding EO 84. *See Church of Scientology of Cal.*, 506 U.S. at 12; *see also New England Reg'l Council of Carpenters v. Kinton*, 284 F.3d 9, 18 (1st Cir. 2002) ("[I]t would be pointless . . . to enjoin the enforcement of a regulation that is no longer in effect . . . ."). Because Plaintiffs only sought to enjoin the enforcement of a now-inoperative executive order, they no longer have a live case and lack a legally cognizable interest in the resolution of their claims. *See Hargett*, 2 F.4th at 558.

### B. The voluntary cessation doctrine does not apply.

Generally, *a party's* voluntary cessation of the challenged conduct "does not . . . moot a case and deprive the tribunal of power to hear and determine the case." *Speech First*, 939 F.3d at 767 (internal quotation marks omitted). But the voluntary cessation doctrine does not apply here because the General Assembly—not Governor Lee—mooted Plaintiffs' claims when it passed the COVID Act. Although Governor Lee rescinded EO 84, he did so expressly because the COVID Act "negate[d] [any] need for" EO 84. (EO 92, Attachment C.)

And "a State legislature's amendment of a challenged law is not voluntary cessation attributable to the State's executive officials." *See Brooks v. Vassar*, 462 F.3d 341, 349 (4th Cir. 2006) (internal quotation marks omitted); *see also Bd. of Trs. of Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) ("[W]e join the majority of our sister circuits in concluding that legislative actions should not be treated the same as voluntary cessation of

challenged acts by a private party . . . ."); *Catawba Riverkeeper Foundation v. N.C. Dep't of Trans.*, 843 F.3d 583, 590 (4th Cir. 2016) ("[O]ur precedent counsels against conflating the actions of a state executive entity with those of a state legislature."); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1131 (10th Cir. 2010) ("[T]he acts of the legislature are not the acts of executive branch agencies, states, or private parties.").

Even if the voluntary cessation doctrine did apply, Plaintiffs' claims would still be moot. A defendant can overcome the voluntary cessation doctrine if he demonstrates that: "(1) 'there is no reasonable expectation that the alleged violation will recur'; and (2) 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Thomas*, 996 F.3d at 324 (quoting *Speech First*, 939 F.3d at 767). "When both conditions are satisfied," the matter becomes moot "because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Davis*, 440 U.S. at 631.

Both conditions are satisfied. First, there is no reasonable expectation that the Governor will reissue EO 84 or its equivalent. *See Thomas*, 996 F.3d at 324. Governor Lee's burden in showing mootness is low precisely because the government voluntarily ceased its conduct. *See Thomas*, 996 F.3d at 324; *see also Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981-82 (6th Cir. 2012) ("cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties . . . ." (internal quotation marks omitted)). Thus, the passage of the COVID Act presumptively moots the case because when—as here—the government voluntarily ceases the challenged conduct by enacting new legislation, "that change will presumptively moot the case unless there are clear contraindications that the change is not genuine." *Speech First*, 939 F.3d at 768; *see also Ky. Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997) ("Th[e voluntary cessation] exception

properly applies only when a recalcitrant legislature clearly intends to reenact the challenged regulation.").

The Sixth Circuit and its district courts have regularly found that challenges to executive orders are moot when they are replaced by other policies. *See Pleasant View Baptist Church v. Beshear*, 838 F. App'x 936, 938 (6th Cir. 2020) ("Once a law is off the books and replaced with a 'new rule' that does not injure the plaintiff, a case becomes moot, leaving us with an absence of jurisdiction to adjudicate the case."); *Bormuth v. Whitmer*, No. 2:20-cv-11399, 2021 WL 912395, at *1 (E.D. Mich. Mar. 10, 2021) ("Because the executive order at issue is no longer operative, and there has been no showing of a foreseeable threat of reinstatement of a similar executive order by the Governor, the complaint must be dismissed as moot.").

That is exactly what happened here. The Act "presumptively moot[s]" Plaintiffs' claims because it "negate[d] the need for" EO 84. (EO 92, Attachment C); *see Speech First*, 939 F.3d at 768. Plaintiffs cannot point to any evidence showing that Governor Lee will act as a "recalcitrant legislature clearly intend[ing]" to reissue EO 84 or its equivalent if Plaintiffs claims are rendered moot. *See Ky. Right to Life*, 108 F.3d at 645. In fact, Governor Lee allowed the state of emergency to expire. (*See* EO 90, Attachment E.) That is not the action of a defendant eager to resume challenged conduct. This Court should "presume that [the Governor's] . . . allegedly wrongful conduct . . . is unlikely to recur." *Speech First*, 939 F.3d at 767.

Second, the COVID Act completely and irrevocably eradicated any of the effects of EO 84. *See Thomas*, 996 F.3d at 324. Plaintiffs' position is that EO 84 "no longer exists." (ECF 97, PageID 2839.) And they make no claim (nor could they) that they suffer from any of EO 84's effects after it was taken "off the books." *See Pleasant View Baptist Church*, 838 F. App'x at 938. In sum, the voluntary cessation doctrine does not apply to the Governor's termination of

10

Case 3:21-cv-00725   Document 105-1   Filed 01/18/22   Page 10 of 13 PageID #: 3030

EO 84, and even if it did, he satisfies the conditions required to overcome its application. *See Davis*, 440 U.S. at 631.

## CONCLUSION

For the reasons stated, this Court lacks subject matter jurisdiction over this cause and should dismiss Plaintiffs' claims against Governor Lee as moot.

Respectfully submitted,

**HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER**

*s/ James R. Newsom*
James R. Newsom - TN Bar No. 6683
Matthew Dowty - TN Bar No. 32078
Reed Smith - VA Bar No. 77334 (*Admitted PHV*)
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-9593
Jim.Newsom@ag.tn.gov
Matthew.Dowty@ag.tn.gov
Reed.Smith@ag.tn.gov

*Attorneys for Defendant Governor Bill Lee*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, a copy of the foregoing notice and attached transcript was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Brice M. Timmons
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
brice@donatilaw.com
*Counsel for Plaintiffs*

Bryce W. Ashby
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
bryce@donatilaw.com
*Counsel for Plaintiffs*

Craig A. Edgington
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
craig@donatilaw.com
*Counsel for Plaintiffs*

Robert A. Donati
Donati Law Firm LLP
1545 Union Avenue
Memphis, TN 38104
robert@donatilaw.com
*Counsel for Plaintiffs*

Jessica F. Salonus
The Salonus Firm, PLC
139 Stonebridge Blvd.
Jackson, TN 38305
jsalonus@salonusfirm.com
*Counsel for Plaintiffs*

Justin S. Gilbert
Gilbert Law, PLC
100 W. Martin Luther King Boulevard, Suite 501
Chattanooga, TN 37402
justin@schoolandworklaw.com
*Counsel for Plaintiffs*

Courtney M. King
Buerger, Moseley & Carson, PLC
306 Public Square
Franklin, TN 37064
cking@buergerlaw.com
*Counsel for Defendant Williamson County Board of Education*

Lisa M. Carson
Buerger, Moseley & Carson, PLC
306 Public Square
Franklin, TN 37064
lcarson@buergerlaw.com
*Counsel for Defendant Williamson County Board of Education*

Charles W. Cagle
Lewis, Thomason, King, Krieg & Waldrop, P.C. (Nashville)
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
ccagle@lewisthomason.com
*Counsel for Defendant Franklin Special School District*

*/s/ James R. Newsom*
James R. Newsom, TN Bar No. 6683