UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| R.K., *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00725 |
| | ) | |
| GOVERNOR BILL LEE, in his official | ) | Chief Judge Crenshaw |
| capacity as GOVERNOR OF TENNESSEE, *et al.*, | ) | Magistrate Judge Frensley |
| | ) | |
| | ) | |
|     Defendants. | ) | |

**GOVERNOR'S OPPOSITION TO MOTION REQUIRING EXPEDITED CONSIDERATION OF SETTLEMENT TERMS**

Plaintiffs fail to cite any authority in support of their in their Motion and Notice "to Require the Presence of Decision-Makers at the Mediation . . ." *See* ECF 143 (Motion); ECF 144 (Notice). Indeed, it would be unprecedented for the Court to constrain the Attorney General's, the Governor's, and the Comptroller's (the "Officers") review of a settlement agreement involving state funds, especially without any showing of urgency. For these reasons, and as discussed below, the Court should deny Plaintiffs' Motion.[1]

**BACKGROUND**

All parties have agreed that the only remaining issue in this case is the appropriateness of attorney's fees and, if attorney's fees are appropriate, the amount of attorney's fees and costs owed.

---

[1] Among other reasons for denial of Plaintiffs' Motion is their failure to comply with LR7.01(2). The Rule states in part that "[e]xcept as otherwise provided herein, every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof." This failure alone requires denial of Plaintiffs' motion.

1

ECF 141. It has been nearly two years since Executive Order No. 84 (EO 84), the action at the heart of this suit, was terminated by Governor Lee. *See* Executive Order No. 92 (terminating EO 84 on November 12, 2021). On December 23, 2021, Plaintiffs filed their interim Motion for Attorneys' Fees and Cost. ECF 97. To date, Plaintiffs have not supplemented their request for attorneys' fees formally or informally.

During negotiations for a global settlement of suits involving EO 84, Plaintiffs and counsel for the Governor reached a tentative agreement to resolve Plaintiffs' claims for attorney's fees. *See* ECF 127. Plaintiffs expressly acknowledged that any settlement would be subject to approval of the Officers pursuant to Tenn. Code Ann. § 20-13-103. *See* ECF 127. Pursuant to Tenn. Code Ann. § 20-13-103, the Attorney General has authority to "compromise and settle, insofar as the state is concerned, any civil litigation to which the state may be a party." Settlements involving payment of more than $25,000 are subject to written approval by the Officers. *Id*. Ultimately, the Officers, pursuant to their statutory and constitutional duties, rejected the Agreement. Plaintiffs do not suggest the agreement was negotiated in bad faith, rather they acknowledge that "the attorneys in this matter have worked well together and history demonstrates that they are capable of reaching a resolution." ECF 144, PageID# 3298.

Following the rejection, the parties jointly agreed to administrative closure pending resolution of closely related issues in the Sixth Circuit. ECF 136. Following the Sixth Circuit's decision, the parties jointly requested that the case be reopened. ECF 138. In the time since the Officers rejected the tentative settlement, the Eastern and Western District Courts of Tennessee have both issued orders awarding fees to plaintiffs therein but rejecting their requests for multipliers and excluding certain claimed hours. *See S.B. ex rel. M.B. v. Lee*, No. 3:21-cv-317-

2

Case 3:21-cv-00725   Document 145   Filed 10/25/23   Page 2 of 7 PageID #: 3303

JRG-DCP, Doc. 169 (E.D. Tenn. Sept. 21, 2023); *G.S. v. Lee*, No. 2:21-cv-2552-SHL, Doc. 140 (W.D. Tenn. Sept. 30, 2022).

The Court has now ordered the parties in this matter to mediate over the issue of attorney's fees. ECF 142. Plaintiffs move to require that the Officers be available during mediation or, in the alternative, approve or reject any negotiated settlement within 10 days of the mediation. The Governor responds herein.

**ARGUMENT**

Plaintiffs do not argue, much less demonstrate, that their claim for attorney's fees is subject to urgency. Rather, Plaintiffs have demonstrated the lack of urgency by failing to update their support for fees since 2021. ECF 97. Plaintiffs thus appear to rely solely on their frustration with Tennessee's statutorily required approval process for settlements involving state funds. Such frustration does not justify disrupting our federalist system by issuing a mandatory injunction against the Officers to approve or reject a settlement within a ten-day period. Furthermore, such an order would conflict with mediation's purpose of ensuring a mutually agreeable resolution, as any negotiated settlement would include terms of acceptance that constrain the Officers' duty to review relevant settlement agreements.

**1. There is no justification for Plaintiffs' *de facto* mandatory injunction.**

Plaintiffs ask the Court to "order the officials necessary for approval of any settlement be available on the day of mediation via telephone or that those officials be required to carry out their duties under Tenn. Code Ann. § 20-13-103 within ten (10) days of the mediation." ECF 143, PageID# 3293. Plaintiffs point to no legal authority to impose such a requirements or deadline on the Officers. To the extent that Plaintiffs are concerned about having parties with authority at the mediation, the Attorney General has express authority under Tennessee law "to compromise and

3

settle cases," albeit with additional approvals required if the settlement involves a payment of more than $25,000. Tenn. Code Ann. § 20-13-103. Notably, nothing in the Federal Rules of Civil Procedure or local rules of the Court requires more. *See* LR 16.05 (describing mediation procedures).

An order compelling the Officers to attend the mediation remotely or to act within 10 days of any settlement negotiated at mediation would serve as a mandatory injunction against them. *See Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006) (defining a mandatory injunction as one that "does not preserve the status quo" but rather "requir[es] affirmative action"). Plaintiffs have failed to identify any factor that would justify the desired injunctive relief. For the injunctive relief sought, the Court must consider (1) the Plaintiffs' likelihood of success on the merits or legal right to relief; (2) the risk of irreparable harm, and (3) the risk of harm to others resulting from an injunction; and (4) the broader public interest. *See A1 Diabetes & Medical Supply v. Azar*, 937 F.3d 613, 618 (6th Cir. 2019). In cases involving the government, the last two factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

Here, none of the factors support Plaintiffs' request. Plaintiffs have not argued, much less established, that they have any legal right to constrain the Officers' review of any negotiated settlement. They have not argued, much less established, that allowing the Officers full time to review a negotiated settlement would irreparably harm any Plaintiff. Furthermore, Plaintiffs have offered no argument that the equities favor granting the injunction when weighed against the potential disruption to the operations of the State required by compelling the Officers to prioritize approval or rejection of a settlement agreement in this case over other matters that they would otherwise address.

Not only do Plaintiffs fail to show any right to the requested injunctive relief, such relief also raises significant federalism concerns. *Cf. United States v. Felts*, 674 F.3d 599, 607 (6th Cir. 2012) ("Under the Tenth Amendment, federal officers are prohibited from conscripting, or commandeering, state officials to administer and enforce a federal regulatory program."). This is especially so where the Comptroller, who would be subject to the injunction, is not a party to the proceedings. Accordingly, the Court should deny the Plaintiffs' Motion.

**2. The requested relief would conflict with the purposes of mediation.**

Compelling the Officers to potentially approve or reject a settlement agreement without a full opportunity to review would be contrary to the purpose of court-ordered mediation. Pursuant to LR 16.03(a)(2), mediation is a process "to facilitate a mutually acceptable agreement among themselves on all or any part of the issues in dispute." Compelling the Officers to reject or approve any negotiated settlement on an expedited basis would undermine state law and ensure that the parties would not be able to reach a "mutually acceptable agreement," rendering the time and expense of mediation proceedings pointless.

**3. Plaintiffs have not supplemented their fee requests since 2021.**

The problems above are amplified by the fact that Plaintiffs have not updated their support for attorney's fees in nearly two years. While proceedings in this case have been limited during that period, counsel for the Governor anticipates that Plaintiffs' counsel will seek fees for work performed since December 2021 in connection with this matter. Plaintiffs seek to compel the Officers to expedite their review of a settlement agreement when they have not even provided a basis upon which the Governor can begin to evaluate the reasonableness of Plaintiffs' attorney's fees claims. Plainly, the mediation process itself will be expedited if Plaintiffs fully disclose the basis of their attorney's fee claim in advance of the mediation. Thus the "prime directive" of Fed.

R. Civ. P. 1, the just, speedy, and inexpensive determination of every action and proceeding…in the interest of justice," would be best served if Plaintiffs advised the Governor of the details of their attorney's fee claim in advance of the court-directed mediation.

## CONCLUSION

For the foregoing reasons, the Governor respectfully requests that the Court deny Plaintiffs' Motion.

Respectfully submitted,

**JONATHAN SKRMETTI**
**ATTORNEY GENERAL AND REPORTER**

*s/ Reed N. Smith*
James R. Newsom - TN Bar No. 6683
Matthew Dowty - TN Bar No. 32078
Reed N. Smith - TN Bar. No. 40059
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-9593
Jim.Newsom@ag.tn.gov
Matthew.Dowty@ag.tn.gov
Reed.Smith@ag.tn.gov
*Attorneys for Defendant Governor Bill Lee*

6

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 25, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties and their counsel listed below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Brice M. Timmons<br>Bryce W. Ashby<br>Craig A. Edgington<br>Donati Law Firm LLP<br>1545 Union Avenue<br>Memphis, TN 38104<br>brice@donatilaw.com<br>bryce@donatilaw.com<br>craig@donatilaw.com<br>*Counsel for Plaintiffs* | Courtney M. King<br>Lisa M. Carson<br>Buerger, Moseley & Carson, PLC<br>4068 Rural Plains Cir., Suite 100<br>Franklin, TN 37064<br>cking@buergerlaw.com<br>lcarson@buergerlaw.com<br>*Counsel for Defendant Williamson County Board of Education* |
| Jessica F. Salonus<br>The Salonus Firm, PLC<br>139 Stonebridge Blvd.<br>Jackson, TN 38305<br>jsalonus@salonusfirm.com<br>*Counsel for Plaintiffs* | Charles W. Cagle<br>Lewis, Thomason, King, Krieg & Waldrop, P.C. (Nashville)<br>424 Church Street, Suite 2500<br>P.O. Box 198615<br>Nashville, TN 37219<br>ccagle@lewisthomason.com<br>*Counsel for Defendant Franklin Special School District* |
| Justin S. Gilbert<br>Gilbert Law, PLC<br>100 W. Martin Luther King Boulevard, Suite 501<br>Chattanooga, TN 37402<br>justin@schoolandworklaw.com<br>*Counsel for Plaintiffs* | |

                <u>*s/ Reed N. Smith*</u>
                Reed N. Smith