UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In the Matter of R.K., et. al
on behalf of those similarly situated,

    Plaintiffs,

v.

GOVERNOR BILL LEE, et. al.

    Defendants.

Case No. 3:21-cv-00725
Judges Crenshaw/Frensley

**PLAINTIFFS' REPLY TO GOVERNOR LEE'S RESPONSE TO MOTION TO REQUIRE THE PRESENCE OF DECISION-MAKERS AT MEDIATION OR, IN THE ALTERNATIVE, TO REQUIRE DECISION-MAKERS TO APPROVE OR REJECT ANY TENTATIVE SETTLEMENT WITHIN TEN (10) DAYS OF THE MEDIATION**

**COME NOW Plaintiff R.K.** et al, filing this Reply to the Governor's Response (D.E. 145) to Plaintiffs' request to have a decision-maker present at mediation or, at least, approve a settlement within ten days.

\* \* \*

Governor's Lee's response recognizes that the Attorney General may not lawfully act as both client and lawyer in settling a lawsuit except in circumstances where the settlement is for $25,000 or less. Tenn Code Ann §20-13-103. In all other cases, the normal laws of lawyering apply—that is, lawyers advise, clients decide. *See id*; see also, Tenn. R. Sup. Ct. Rule 1.2.

It is for this reason Plaintiffs ask that decision-makers with actual authority attend the mediation. Being part of the mediation involves listening to arguments, contributing feedback, and permitting the mediator to facilitate obstacles *so that* the goal of the Court's Order (D.E. 142) is

1

reached. Without decision-makers, the Court-ordered mediation will again consist of lawyers talking to each other without a decision-maker. It will result in an eventual approval (or denial) that may extend the matter for months, with no reason given in the event of denial. *That* course has proved unsuccessful and is to be avoided.

But if attendance on the day of mediation is not possible, even by telephone, Plaintiffs have at least requested a decision within 10 days thereafter. It is not ideal, but it prevents Plaintiffs' counsel from waiting months on end (maybe longer) for actual decision-maker to become engaged.

Plaintiffs do not intend for this to be a controversial motion. They reiterate they have worked well with the opposing lawyers. Having decision-makers present at mediation or shortly thereafter is necessary simply to avoid problems of the past: time-consuming negotiations rejected months later by decision-makers not present to contribute at the time of negotiation.[1]

In terms of the Governor's argument about receiving an offer, Plaintiffs' counsel are compiling time involving multiple counsel and years, with lawyers swapping mediator names as the Court instructed by November 9. (D.E. 142) But Plaintiffs' motion does not concern the making of offers and counters, but even more basically, having persons with legal authority to consider and promptly act upon them.[2] For these reasons, the motion should be granted.

---

[1] Indeed, mediators almost universally require the presence of decision-makers. Even in cases where board approval is required, it is not unusual to have a board chair or at least one person of authority present.

[2] The fees are obviously more than the $25,000 cap on the ability of the Attorney General to act both as lawyer and client in settlements.

2

Respectfully Submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com


**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

**DONATI LAW, PLLC**
/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Craig A. Edgington—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
bryce@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

*ATTORNEYS FOR PLAINTIFFS*

# CERTIFICATE OF SERVICE

I certify that this Reply to Response to Motion to Require the Presence of Decision-Makers at Mediation, or in the Alternative, to Require Decision-Makers to Reject or Approve of the Tentative Settlement Within Ten (10) Days of Mediation was served upon counsel of record at the contact information below for the Defendants, through the Court's ECF filing system on October 26, 2023.

**BUERGER, MOSELEY & CARSON, PLC**
Lisa M. Carson, BPR# 14782
Courtney King, BPR # 35625
*Attorney for Defendant WCBOE*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com
cking@buergerlaw.com
ATTORNEYS FOR WILLIAMSON COUNTY BOARD OF EDUCATION

**GOVERNOR BILL LEE**
James R. Newsom (#6683)
Reed N. Smith (Va. Bar #77334)
Matthew Dowty (#32078)
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
Telephone: 615-741-2472
Reed.smith@ag.tn.gov
Jim.newsom@ag.tn.gov
Matthew.dowty@ag.tn.gov
ATTORNEYS FOR GOVERNOR BILL LEE, IN HIS OFFICIAL CAPACITY

**LEWIS THOMASON, P.C.**
Charles W. Cagle, Esq. (BPR #13738)
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1365
ccagle@lewisthomason.com
ATTORNEY FOR FRANKLIN SPECIAL SCHOOL DISTRICT

/s/Justin S. Gilbert